IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JODI BOURGEOIS,<br><br>   Plaintiff,<br><br>v.<br><br>THE TJX COMPANIES, INC.,<br><br>   Defendant. | Case No. 1:23-cv-354 |

### DEFENDANT THE TJX COMPANIES, INC.'S NOTICE OF REMOVAL

Defendant The TJX Companies, Inc. ("TJX") removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the civil action entitled *Jodi Bourgeois v. The TJX Companies, Inc.*, Case No. 218-2023-CV-00685, originally filed in the Rockingham Superior Court on May 26, 2023 (the "State Court Action"). In support of this *Notice of Removal*, TJX states the following:

### BACKGROUND

1. On May 26, 2023, Plaintiff Jodi Bourgeois ("Plaintiff"), on behalf of herself and all others similarly situated, commenced the State Court Action by filing a *Class Action Complaint* ("*Complaint*") in Rockingham Superior Court (the "State Court"). In accordance with 28 U.S.C. § 1446(a), a true and accurate copy of the *Complaint*, together with "all process, pleadings, and orders" on file in the State Court, are attached hereto as **Exhibit A**.

2. TJX was served with the summons and a copy of the *Complaint* on June 15, 2023.

3. Plaintiff brings this action individually and as class representative to recover damages for alleged violations of New Hampshire's Driver Privacy Act, RSA 260:14 ("DPA").

4. The *Complaint* alleges that TJX violates the DPA because it requires customers to release the personal information on their driver's licenses when they are "seeking the return of an

item without showing a receipt (during a 'non-receipted return')" or "seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete 'in-store credit transactions')" and knowingly discloses the information to its fraud prevention vendor The Retail Equation ("TRE"). *Complaint* ¶¶ 1-3. Plaintiff seeks, *inter alia*, "liquidated damages of $2,500.00 for each of [TJX's] violations of the DPA" on behalf of "[a]ll persons in the State of New Hampshire whose driver's license information…was collected by [TJX] and disclosed, sold, rented, offered, or exposed for sale by [TJX]…." *Id*. at ¶ 36, Prayer for Relief.

## STATEMENT OF GROUNDS FOR REMOVAL

5.  Under the Class Action Fairness Act ("CAFA"), federal courts have jurisdiction over putative class actions filed after February 18, 2005 if: (a) any member of the plaintiff class is a citizen of a State different from any defendant ("minimal diversity") (28 U.S.C. § 1332(d)(2)(A)); (b) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief (28 U.S.C. § 1332(d)(5)(A)); (c) there are more than 100 members in the putative class(es) (28 U.S.C. § 1332(d)(5)(B)); and (d) the amount in controversy exceeds $5,000,000, exclusive of interests and costs (28 U.S.C. § 1332(d)(6)).

6.  As set forth below, this action is removable under CAFA because Plaintiff and putative class members are citizens of a State different from that of one or more of Defendants (who are not states, state officials, or other government entities), there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

**Minimal Diversity Exists**

7. Under CAFA, minimal diversity exists where any member of the class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

8. The *Complaint* alleges that Plaintiff is New Hampshire citizen. *Complaint* ¶ 7. Plaintiff also purports to represent a putative class of "New Hampshire residents[.] *Id*. at ¶ 35; *see also id.* at ¶ 36.

9. TJX is a Delaware corporation with its principal place of business in Massachusetts. As such, TJX is a citizen of Delaware and Massachusetts. 28 U.S.C. § 1332(c)(1).

10. Because Plaintiff and the members of the putative class are citizens of a state different from TJX, minimal diversity exists. 28 U.S.C. § 1332(d)(2)(A); *see also Lee v. Conagra Brands, Inc.*, 958 F.3d 70, 75 (1st Cir. 2020) (diversity requirement "because [plaintiff] is a resident of Massachusetts and [defendant] is a Delaware corporation with its headquarters in Illinois").

**TJX Is Not A State, State Official, Or Governmental Entity**

11. TJX is not a state, state official, or government entity. *See Complaint* ¶ 12. As such, CAFA's non-governmental entity requirement is satisfied. 28 U.S.C. § 1332(d)(5)(A).

**The Putative Class Exceeds 100 Class Members**

12. Under CAFA, removal is proper where "the number of members of all proposed plaintiff classes in the aggregate" is more than 100. 28 U.S.C. § 1332(d)(5)(B).

13. The *Complaint* alleges the putative class includes all persons in the State of New Hampshire whose driver's license information was collected by TJX during a non-receipted return or in-store credit transaction (*i.e.*, an at-issue transaction), and disclosed, sold, rented, offered, or exposed for sale by TJX to others, including TRE. *Complaint* ¶ 36. The *Complaint* alleges that putative class members "number in the hundreds of thousands." *Id*. ¶ 38; *see also Sierra v.*

*Progressive Direct Ins. Co.,* No. CIV.A. 12-30020-FDS, 2012 WL 4572923, at *1 (D. Mass. Sept. 28, 2012) (class size requirement met where "the complaint allege[d] a class of 'at least a few thousand people'").

14. Because the *Complaint* alleges that the number of members in the putative class exceeds 100, CAFA's class size requirement is satisfied.

**The Amount In Controversy Exceeds $5,000,000**

15. Under CAFA, removal is proper where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Although the *Complaint* does not include a specific total monetary demand – and TJX denies that it has any liability, or owes any damages, to Plaintiff, the members of the putative class, or any other putative and purported class alleged in this action, or that any purported class may be certified pursuant to Federal Rule of Civil Procedure 23 – the amount in controversy requirement is met.

16. First, Plaintiff and the putative class seek, *inter alia*, $2,500 in liquidated damages for each alleged violation of the DPA and allege that the DPA was violated during each non-receipted return or an in-store credit transaction. *Complaint* ¶¶ 1-4, Prayer for Relief. To meet the amount in controversy, then, there must be, at least, 2,500 non-receipted returns and an in-store credit transactions ($2,500 x 2,500 = $5,000,000). The *Complaint* alleges that there were "hundreds of thousands" of such transactions. *Id.* ¶ 38. The *Complaint*, therefore, alleges that the amount in controversy far exceeds $5,000,000. *See, e.g., Sierra,* 2012 WL 4572923, at **2-3

(amount in controversy requirement met where plaintiff sought $8,000 and alleged there were a few thousand in the putative class).

17. Second, Plaintiff seeks to recover attorneys' fees on behalf of herself and the putative class. *Complaint*, Prayer for Relief. Attorneys' fees are included in determining the amount in controversy for purposes of CAFA jurisdiction where, as the *Complaint* alleges here, they are provided for by statute. *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 81 n.15 (1st Cir. 2014); *Complaint* ¶ 71 (quoting R.H. RSA 260:14, X). Courts have found that "[a] median recovery range for attorney's fees is approximately 30 percent[.]" *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 357 n.1 (3d Cir. 2015); *see also Pazol v. Tough Mudder, Inc.*, 819 F.3d 548, 553-54 (1st Cir. 2016) (adding a 33% attorney's fee award in determining CAFA jurisdiction). 30 percent of $2,500 (the damages sought per DPA violation) is $750. The *Complaint* alleges that there have been hundreds of thousands of at-issue transactions and, therefore, violations. As such, attorneys' fees would further increase the amount in controversy (which already exceeds the CAFA threshold) well above the threshold $5,000,000 amount in controversy requirement.

18. Because, as alleged in the *Complaint*, the aggregate amount of relief sought by Plaintiff and the putative class exceeds $5,000,000, exclusive of interest and costs, CAFA's amount in controversy requirement is satisfied. 28 U.S.C. §§ 1332(d)(2), (d)(6).

## THE *NOTICE OF REMOVAL* IS PROCEDURALLY PROPER

19. The *Notice of Removal* contains a "short plain statement of the grounds for removal," and copies of the *Complaint* and any other process, pleadings, and orders that Plaintiff served on TJX as of the date of the *Notice of Removal* are attached collectively as **Exhibit A**. 28 U.S.C. § 1446(a).

20. The *Notice of Removal* is timely filed under 28 U.S.C. §§ 1453(b), 1446(b) because TJX was served with the *Complaint* on June 15, 2023 and is filing this *Notice of Removal* within thirty days of service (*i.e.*, on or before July 17, 2023).

21. Venue is proper in the United States District Court for the District of New Hampshire because this action was filed and is pending in the Superior Court of Rockingham County, State of New Hampshire, which is within this District. 28 U.S.C. §§ 1441(a), 1446(a).

22. TJS will promptly send this Notice of Removal to opposing counsel via the letter attached hereto as **Exhibit B** and will promptly file the notice of removal attached hereto as **Exhibit C** with the State Court and provide a copy of the same to Plaintiff. 28 U.S.C. § 1446(d).

23. By removing the action to this Court, TJX does not waive any defenses that are available to it under state or federal law. TJX expressly reserves all threshold defenses to this action and its right, for example, to move to compel arbitration, to dismiss or for the entry of judgment pursuant to Federal Rules of Civil Procedure 12 and 56, and/or to strike or oppose the certification of any putative class pursuant to Federal Rule of Civil Procedure 23.

## CONCLUSION

24. WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and for the reasons set forth above, TJX respectfully removes this action from the Superior Court of Rockingham County, State of New Hampshire, to the United States District Court for the District of New Hampshire.

Respectfully Submitted,
THE TJX COMPANIES, INC.

By Their Attorneys,
PRETI FLAHERTY BELIVEAU & PACHIOS, PLLP

Dated: July 14, 2023

*/s/ Nathan R. Fennessy*
Nathan R. Fennessy, NH Bar No. 264672
P.O. Box 1318
Concord, NH 03302-1318B
Telephone: 603.310.1528
*nfennessy@preti.com*

and

SHEPPARD MULLIN RICHTER & HAMPTON LLP

*/s/ P. Craig Cardon*
P. Craig Cardon, Cal. Bar No. 168646
(*pro hac vice* app. to be filed)
Benjamin O. Aigboboh, Cal. Bar No. 268531
(*pro hac vice* app. to be filed)
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: 310.228-3700
*ccardon@sheppardmullin.com*
*baigboboh@sheppardmullin.com*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2023, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system, and have served it via email and U.S. Mail on:

*Attorneys for Plaintiff*

| | |
|---|---|
| Benjamin T. King<br>Douglas, Leonard, & Garvey, P.C.<br>14 South Street, Suite 5<br>Concord, NH 03301<br>*benjamin@nhlawoffice.com* | Phillip L. Fraietta<br>Matthew A. Girardi<br>Bursor & Fisher, P.A.<br>1330 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>*pfraietta@bursor.com*<br>*mgirardi@bursor.com* |

*/s/ Nathan R. Fennessy*
Nathan R. Fennessy, NH Bar No. 264672