THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT
ROCKINGHAM COUNTY

I, Jennifer M Haggar, Clerk of the Superior Court of the State of New Hampshire for the County of Rockingham, the same being a court of record having a seal, and having custody of the records of the said Superior Court, do hereby certify that the attached are true copies of the Complaint, Summons on Complaint, Return of Service, Appearance of Nathan R Fennessy, Esq and the Notice of Removal in the action case # 218-2023-CV-00685 Jodi Bourgeois v. The TJX Companies, Inc. of said Superior Court.

In witness whereof I have hereunto set my hand and affixed the seal of said Superior Court at this 25th day of July A.D. 2023



Clerk of Superior Court

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                              SUPERIOR COURT

JODI BOURGEOIS,
individually and on behalf of all others similarly situated,
56 Ode Way
Manchester, NH 03103
v.

218-2023-CV-00685

THE TJX COMPANIES, INC.
770 Cochituate Road
Framingham, MA 01701

**CLASS ACTION COMPLAINT**
**Jury Trial Requested**

Plaintiff Jodi Bourgeois, individually and on behalf of all others similarly situated as set

forth herein, alleges as follows:

**NATURE OF THE ACTION**

1.      This is a class action against Defendant The TJX Companies, Inc. ("Defendant"

or "TJ Maxx") for violating N.H. RSA 260:14 (the "Driver Privacy Act" or "DPA").

2.      Defendant requires its customers to release their personal information (including,

but not limited to, customers' photographs or computerized images, social security numbers,

driver identification numbers, names, addresses, telephone numbers, and/or medical or disability

information) in the customers' respective driver's licenses at various points (collectively,

"driver's license transactions" or "DLTs"), including, *inter alia*, when:

(a)      seeking to complete the return of an item without showing a receipt

(during a "non-receipted return"); and

(b)      seeking to utilize in-store credit (i.e., via stored value cards) conferred

upon the completion of non-receipted returns (upon wishing to complete "in-store credit

transactions").

True Copy Attest

Jennifer M. Haggar, Clerk of Court
July 25, 2023

3.      In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) collected, during DLTs, from customers' respective driver's licenses (which constitute department records, under the DPA) to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.[1]

4.      In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses (issued or revoked by the department relative to motor vehicles) and/or the information, including personal information, contained in them – to The Retail Equation.

5.      Plaintiff and Class members were never informed by Defendant (and thus never knew) that the information from their respective driver's licenses would be disclosed, sold, rented, offered, or exposed for sale by Defendant, including to TRE.  Plaintiff and Class members thus never consented to Defendant's having disclosed, sold, rented, offered, or exposed for sale the information from their respective driver's licenses, including to TRE.

6.      Such policies and practices are illegal in the state of New Hampshire.

---

[1]      The Retail Equation ("TRE") is an entity owned by Appriss, Inc. that provides software used to recommend for retailers to approve or deny transactions (such as non-receipted returns).  Per TRE's website, located at https://www.theretailequation.com/, "The Retail Equation, Inc. (TRE) works with retailers to warn consumers when their return, exchange, post-sale adjustment, or re-shipment transactions (collectively known as 'Transactions') violate store policies or mimic excessive behaviors. Sometimes the Transaction is stopped." Specifically, the TRE Frequently Asked Questions ("FAQ") webpage, https://www.theretailequation.com/frequently-asked-questions/, states, "TRE Transaction Authorization examines the purchase and Transaction data from a specific retailer.  It examines the in-store and online transactions and connects them with an ID number—such as a form of payment or government-issued ID.  The system then analyzes that consumer's Transaction history with that retailer to identify activity that appears to be fraudulent or abusive or in violation of the retailer's policies."

## THE PARTIES

7.      Plaintiff Jodi Bourgeois ("Plaintiff") is a citizen of New Hampshire, residing in Manchester, New Hampshire.  Within the past three years, Plaintiff has made multiple non-receipted returns of clothing and accessories to a TJ Maxx retail store in Manchester, New Hampshire.

8.      Defendant required Plaintiff to release the personal information (including, but not limited to, Plaintiff's photograph or computerized image, social security number, driver identification number, name, address, telephone number, and/or medical or disability information) in her driver's license at various points ("DLTs"), including, *inter alia*, when Plaintiff sought to complete the return of an item without showing a receipt (during Plaintiff's "non-receipted return").

9.      In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly disclosed this information (including, but not limited to, Plaintiff's photographs or computerized images, social security numbers, driver identification number, name, address, telephone number, and/or medical or disability information) collected, during Plaintiff 's DLTs, from Plaintiff 's driver's license (which constitutes a department record, under the DPA) to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.

10.     In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sold, rented, offered, or exposed for sale motor vehicle records collected during DLTs – specifically, Plaintiff 's driver's license (issued or revoked by the department relative to motor vehicles) and/or the information, including personal information, contained in it – to The Retail Equation.

11.     Plaintiff was never informed by Defendant (and thus never knew) that the

information from her driver's license would be disclosed, sold, rented, offered, or exposed for

sale by Defendant, including to TRE.  Plaintiff thus never consented to Defendant's having

disclosed, sold, rented, offered, or exposed for sale the information from her driver's license,

including to TRE.

12.     Defendant The TJX Companies, Inc. ("Defendant" or "TJ Maxx") is a Delaware

corporation with its principal place of business in Framingham, Massachusetts.  Defendant is an

American clothing retailer.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to N.H. RSA 491:7.

14.     This Court may exercise personal jurisdiction over the defendant, pursuant to

N.H. RSA 510:4, I, because Defendant is a nonresident who transacts business within in this

state, has committed tortious acts within this state, and has the ownership, use, or possession of

any real and personal property situated in this state, and because a substantial part of the events

or omissions giving rise to Plaintiff's claims occurred within this State.

15.     Venue is proper in this judicial district pursuant to N.H. RSA 507:9 because

Plaintiff resides in this County.

## FACTS COMMON TO ALL CLAIMS

16.     The DPA was enacted by the New Hampshire state legislature in 1996[2] and then

subsequently amended in response to two primary interests – "public safety as well as privacy."[3]

Regarding the former, New Hampshire legislators became aware, "in the course of drafting

---

[2]https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2290&sy=1996&sortoption=&txtsessionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Docket.
[3] https://gencourt.state.nh.us/BillHistory/SofS_Archives/1996/senate/HB1508S.pdf, HB 1508-FN (1996) Senate Actions Archive, p. 28.

stalking legislation and domestic violence legislation that one of the ways that victims are located after great effort to hide their location is through the easy availability of motor vehicle records."[4]  The DPA and its legislative history evince the General Court of New Hampshire's desire to respond forcefully to such grave public safety-related dangers.

17.    For example, before opting to amend the DPA,[5] New Hampshire state legislators considered how, "on March 21, 2002, the New York Times did an article on a Boston bar [that] . . . swipes [driver's] licenses" and how "the bar's owner, is quoted as saying, 'You swipe the license and all of a sudden, someone's whole life, as we know it, pops up in front of you. It is almost voyeuristic.'"[6]  The DPA works to stymie such voyeurism.  Along these lines, one member of the General Court aptly remarked, during the process of amending the DPA, "[i]f my wife goes to the local 7-11 and buys a six-pack of beer, I don't think the guy behind the counter should have any ability whatsoever to see where she lives or any other information. It is none of his business.  And, it is a stalking problem, in my opinion."[7]

18.    Turning from these issues of public safety to those of privacy, more generally, John Stephen, the then-Assistant Commissioner for the New Hampshire Department of Safety, is quoted by the state legislature's Committee Minutes as having stated that New Hampshire's driver privacy law was meant "not just to prevent stalking, but … to prevent the use of motor vehicle records for purposes other than motor vehicle related safety and law enforcement."[8]  Mr. Stephen, expounding upon the definition of  "motor vehicle records," also stated: "RSA 260:14 is already pretty clear in its terms and that is one of the positions the Commissioner has in terms

---

[4] *Id.*
[5] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2366&sy=2002&txttitle=motor%20vehicle%20records, HB 1456-FN (2002) Bill Docket.
[6] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/senate/HB1456S.pdf, HB 1456-FN (2002) Senate Actions Archive, p. 12.
[7] *Id.* at p. 13.
[8] *Id.* at p. 16.

of enforcing motor vehicle records, that motor vehicle records are records that are kept by the

Department in its database and involves all registrations, histories, certificates, [and] licenses,

including personal information."[9]

19.     Critically, therefore, the DPA reflects the General Court of New Hampshire's

understanding that all such material – including driver's licenses and the confidential information

contained thereby and therein – are "property of the state."[10]  That is, the DPA's legislative

history reveals how "the information on your license, and in that [driver's license] magnetic

strip, belongs to the State of New Hampshire[.]"[11]

20.     Thus, as per then-Representative Neal Kurk, one of the sponsors of the DPA,[12] in

New Hampshire, it is vital:

> [t]hat the information given to the Department of Safety for the
> purpose of getting a license or registration is to be used by the
> Department and by others for those purposes only. It [i]s not to be
> used as a data bank for marketing.  It [i]s not to be used as a data
> bank for any other purpose; it [i]s to be used only to enforce motor
> vehicle laws.[13]

21.     Regarding the first of the proscribed types of conduct described by Mr. Kurk –

utilizing driver's licenses and the information contained thereby and therein to build a "data bank

for marketing" – the New Hampshire state legislature recognized that "the potential is there to

take the information off the back of [a driver's] license and keep a track record . . . of people that

… come in"[14] to a location.  The General Court noted that a business owner might "break down

---

[9] *Id.*

[10] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/house/HB1456H.pdf, HB 1456-FN (2002) House Actions Archive, p. 11.

[11] HB 1456-FN (2002) Senate Actions Archive, p. 12.

[12] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/Bill_status.aspx?lsr=2290&sy=1996&sortoption=&txtsessionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Status.

[13] HB 1456-FN (2002) Senate Actions Archive, p. 28.

[14] *Id.* at p. 16.

his clients out by sex, age, zip code, or other characteristics."[15]  With relative ease, one can conceive of how this type of data-gathering might give rise to invidious forms of discrimination.

22.     Additionally, the legislature worried about how the  hypothetical business owner described *supra* "could find out how many blonde women named Karen over 5' 2" came in over a weekend, how many of his customers have the middle initial M. and, more practically, he can build mailing lists based on all that data and keep track of who comes back."[16]  Thus, even when customers have otherwise sought to maintain their privacy (i.e., by paying at a store with cash rather than a credit or debit card, by withholding their names from store associates, by choosing not to share with store associates any receipts from their prior purchases, etc.), the hypothetical business owner with prying eyes might – profitably and permanently – link a person's business transactions with that person's identity, simply (and perhaps unbeknownst to said person) by collecting the person's driver's license.  The General Court, through the DPA, wished to put an end to these sorts of circumstances, in which unscrupulous entities might attempt to turn a profit by usurping the aforementioned property of the state – and to how, by building databases and/or mailing lists from driver's license information, one can "tell what people have purchased, what they haven't purchased and you can sell those lists."[17]

23.     Relatedly, the legislative history of the DPA marks the General Court's apprehension regarding the ways in which such lists or databases might be used, by entities other than the Department of Safety, and to the detriment of even a privacy-minded person, like people alluded to above, in order to "establish who that person really is" and "build a database for bio-metrics."[18]  At least one legislator was particularly dismayed and perturbed by the notion that

---

[15] *Id.* at p. 12.
[16] *Id.*
[17] *Id.* at p. 13.
[18] *Id.*

businesses might, eventually, exert pressure on States so that they "put a fingerprint or a thumbprint on your license. That will be encoded into the magnetic strip and once again, they [(the driver's license database-building entities)] will have it."[19]

24.    The DPA also responds to how driver's licenses and their attendant personal information may be incorporated into other types of data banks and non-sanctioned activities, as discussed by Mr. Kurk, *supra*.  Specifically, the DPA's legislative history includes contemplation about how, when entities utilize "licenses and they start keeping databases, it is pretty easy to trace where you have been, probably easy to trace who you were with. So, it is, in my opinion, big brother. The point is that we don't need it."[20]  Thus, the DPA serves to protect the ability of New Hampshire residents to move unobtrusively and without uninvited surveillance or scrutiny.

25.    Indeed, a New Hampshire-based news outlet relates:

> John Stephen, assistant commissioner of the N.H. Department of Safety, said, "The Legislature gave a clear intent when they passed the driver privacy act — to protect driver information.  The bottom line is that the act of establishing a database using that information is, in our minds, contrary to the intent of that law.  This should not be done in New Hampshire.  It's clear in our minds, people in this state are very committed to protecting the information the Department of Motor Vehicles retains on drivers." Stephen said the retail operations have not been authorized to use or to collect the information on drivers' licenses, and he wants the practice to stop. "No agency, outside of law enforcement, has been authorized by the Department of Motor Vehicles to collect this information, for any purpose," Stephen said.[21]

26.    However, Defendant plainly violates the Driver Privacy Act.

27.    In the DPA – N.H. RSA 260:14, I – it is stated that, "In this section:"

---

[19] *Id.*
[20] *Id.*
[21] https://www.seacoastonline.com/story/news/2001/08/19/scanning-licenses-violates-spirit-law/51299154007/.

(a) "Motor vehicle records" means all applications, reports required by law, registrations, histories, certificates, and licenses issued or revoked by the department relative to motor vehicles and the information, including personal information, contained in them.

(b) "Person" means an individual, organization or entity, but shall not include this state or an agency thereof. "Person" shall include the personal representative of any person injured or killed in the motor vehicle accident, including the person's conservator, executor, administrator, or next of kin as defined in RSA 259:66-a.

(c) "Personal information" means information in motor vehicle records that identifies a person, including a person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information.

(d) " Legitimate business " means a business which is registered in New Hampshire and which receives compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

N.H. RSA 260:14, I(a)-(d).

28.    Under these definitions:

(a)    Defendant's customers' driver's licenses, including the personal information contained in them, constitute "motor vehicle records."  N.H. RSA 260:14, I(a).

(b)    Defendant, as an "organization or entity," constitutes a "person." N.H. RSA 260:14, I(b).

(c)    The information in Defendant's customers' driver's licenses (which are "motor vehicle records," as stated *supra*), including each customer's person's photograph or computerized image, social security number, driver identification number,

name, address (but not the 5-digit zip code), telephone number, and medical or disability

information, constitutes "personal information."  N.H. RSA 260:14, I(c).

(d)    Defendant is not a "legitimate business" because Defendant does

not receive compensation in connection with matters of motor vehicle or driver safety or

theft, motor vehicle emissions, and motor vehicle market research activities, including

survey research.  N.H. RSA 260:14, I(d).

29.    N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly
> discloses information from a department record to a person known
> by such person to be an unauthorized person; knowingly makes a
> false representation to obtain information from a department
> record; or knowingly uses such information for any use other than
> the use authorized by the department.  In addition, any professional
> or business license issued by this state and held by such person
> may, upon conviction and at the discretion of the court, be revoked
> permanently or suspended.  Each such unauthorized disclosure,
> unauthorized use or false representation shall be considered a
> separate offense.

N.H. RSA 260:14, IX(a).

30.    In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the

information (including, but not limited to, customers' photographs or computerized images,

social security numbers, driver identification numbers, names, addresses, telephone numbers,

and/or medical or disability information) from customers' respective driver's licenses (acquired

during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute

department records, under the DPA, to a person or persons known by Defendant to be an

unauthorized person – including The Retail Equation.

31.    Defendant engages in this conduct so that TRE, on Defendant's behalf, may

connect customers' in-store and/or online transactions with customers' government-issued IDs

and then analyze customers' transaction history with Defendant to identify activity that appears

to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout,

non-receipted return, and/or in-store credit transactions policies).

32.    N.H. RSA 260:14, IX(b) provides:

> A person is guilty of a class B felony if, in the course of business,
> such person knowingly sells, rents, offers, or exposes for sale
> motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

33.    In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of

business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected

during DLTs – specifically, customers' respective driver's licenses issued or revoked by the

department relative to motor vehicles and/or the information, including personal information,

contained in them – to The Retail Equation.

34.    Defendant engages in this conduct so that TRE, on Defendant's behalf, may

connect customers' in-store and/or online transactions with customers' government-issued IDs

and then analyze customers' transaction history with Defendant to identify activity that appears

to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout,

non-receipted return, and/or in-store credit transactions policies).

35.    Plaintiff brings this action to prevent Defendant from further encroaching upon

the privacy rights of New Hampshire residents, and to recover liquidated damages for

Defendant's violations of the DPA.

## CLASS ACTION ALLEGATIONS

36.    Plaintiff seeks to represent a class (the "Class") defined as:

> All persons in the State of New Hampshire whose driver's license
> information (including, but not limited to, customers' photographs

or computerized images, social security numbers, driver
identification numbers, names, addresses, telephone numbers,
and/or medical or disability information) was collected by
Defendant and disclosed, sold, rented, offered, or exposed for sale
by Defendant, including to The Retail Equation.

37.     Excluded from the Class are Defendant, its subsidiaries, affiliates, officers,

directors, assigns and successors, and any entity in which it has a controlling interest, and the

Judge to whom this case is assigned and any member of his or her immediate family.

38.     Members of the Class are so numerous that their individual joinder herein is

impracticable.  On information and belief, members of the Class number in the hundreds of

thousands.  The precise number of Class members and their identities are unknown to Plaintiff at

this time but will be determined through discovery.  Class members may be notified of the

pendency of this action by mail and/or publication through the distribution records of Defendant

and third-party retailers and vendors.

39.     Common questions of law and fact exist as to all Class members and predominate

over questions affecting only individual Class members.  Common legal and factual questions

include, but are not limited to:

(a)     whether Defendant "knowingly discloses information from a department

record to a person known by such person to be an unauthorized person; knowingly makes a false

representation to obtain information from a department record; or knowingly uses such

information for any use other than the use authorized by the department";

(b)     whether in the course of business, Defendant "knowingly sells, rents,

offers, or exposes for sale motor vehicle records to another person";

(c)     whether Defendant's conduct violates N.H. RSA 260:14, IX(a), N.H. RSA

260:14, IX(b), and/or any other applicable laws; and

(d)     whether, as a result of Defendant's misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive, and/or monetary relief and, if so, the amount and nature of such relief.

40.     Plaintiff's claims are typical of the claims of Class members because Plaintiff, like all class members, had her driver's license information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) collected by Defendant and disclosed, sold, rented, offered, or exposed for sale by Defendant, including to The Retail Equation.

41.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained counsel competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

42.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of

Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of N.H. RSA 260:14, IX(a)

43.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

44.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

45.     Defendant's customers' driver's licenses, including the personal information contained therein, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

46.     Defendant, as an "organization or entity," constitutes a "person" under N.H. RSA 260:14, I(b).

47.     The information in Defendant's customers' driver's licenses (which are "motor vehicle records," as stated *supra*), including each customer's person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information" under N.H. RSA 260:14, I(c).

48.     Defendant is not a "legitimate business" under N.H. RSA 260:14, I(d) because Defendant does not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

49.     Defendant requires its customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers,

driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) in the customers' respective driver's licenses at various points (collectively, "driver's license transactions" or "DLTs"), including, *inter alia*, when:

(a)      seeking to complete the return of an item without showing a receipt (during a "non-receipted return").

(b)      seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

50.      N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly discloses information from a department record to a person known by such person to be an unauthorized person; knowingly makes a false representation to obtain information from a department record; or knowingly uses such information for any use other than the use authorized by the department.  In addition, any professional or business license issued by this state and held by such person may, upon conviction and at the discretion of the court, be revoked permanently or suspended.  Each such unauthorized disclosure, unauthorized use or false representation shall be considered a separate offense.

N.H. RSA 260:14, IX(a).

51.      In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) from customers' respective driver's licenses (acquired during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute department records, under the DPA, to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.

15

52.     Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

53.     Plaintiff and Class members were never informed by Defendant (and thus never knew) that the information from their respective driver's licenses would be disclosed by Defendant, including to TRE.  Plaintiff and Class members thus never consented to Defendant's having disclosed the information from their respective driver's licenses, including to TRE.

54.     Each time that Defendant knowingly disclosed the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) from customers' respective driver's licenses (acquired during non-receipted returns, in-store credit transactions, and/or other transactions) – which constitute department records, under the DPA – to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation – Defendant committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(a), thereby damaging Plaintiff and Class members.

55.     Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct, pursuant to N.H. RSA 260:14, IX(a), because:

        (a)     Had Plaintiff and Class members been conferred the opportunity to provide or withhold their consent to Defendant's having disclosed the information from their respective driver's licenses, including to TRE, they would have withheld their consent.

(b)    By disclosing customers' information to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation – Defendant has encroached upon Plaintiff's and the Class members' respective privacy rights to control the collection, use, and disclosure of their personal information.

56.    N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this section may bring a civil action under this section and, if successful, shall be awarded the greater of actual damages or liquidated damages of $2,500 for each violation; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other equitable relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

57.    Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statue, including liquidated damages of $2,500 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

## COUNT II
### Violation of N.H. RSA 260:14, IX(b)

58.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

59.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

60.    Defendant's customers' driver's licenses, including the personal information contained in them, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

61.    Defendant, as an "organization or entity," constitutes a "person" under N.H. RSA 260:14, I(b).

62.    The information in Defendant's customers' driver's licenses (which are "motor vehicle records," as stated supra), including each customer's person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information" under N.H. RSA 260:14, I(c).

63.    Defendant is not a "legitimate business" under N.H. RSA 260:14, I(d) because Defendant does not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

64.    Defendant requires its customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) in the customers' respective driver's licenses at various points (collectively, "driver's license transactions" or "DLTs"), including, *inter alia*, when:

(a)    seeking to complete the return of an item without showing a receipt (during a "non-receipted return"); and

(b)    seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

65.    N.H. RSA 260:14, IX(b) provides:

A person is guilty of a class B felony if, in the course of business, such person knowingly sells, rents, offers, or exposes for sale motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

66.     In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses issued or revoked by the department relative to motor vehicles and/or the information, including personal information, contained in them – to The Retail Equation.

67.     Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

68.     Plaintiff and Class members were never informed by Defendant (and thus never knew) that their motor vehicle records (their driver's licenses and the personal information contained in them) would be sold, rented, offered, or exposed for sale by Defendant, including to TRE.  Plaintiff and Class members thus never consented to Defendant's having sold, rented, offered, or exposed for sale their motor vehicle records (their driver's licenses and the personal information contained in them), including to TRE.

69.     Each time that Defendant knowingly sold, rented, offered, or exposed for sale customers' motor vehicle records (their driver's licenses and the personal information contained in them) to another person – including The Retail Equation – Defendant committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(b), thereby damaging Plaintiff and Class members.

70.     Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct, pursuant to N.H. RSA 260:14, IX(b), because:

(a)    Had Plaintiff and Class members been conferred the opportunity to provide or withhold their consent to Defendant's having sold, rented, offered, or exposed for sale their motor vehicle records (their driver's licenses and the personal information contained in them), including to TRE, they would have withheld their consent.

(b)    By having sold, rented, offered, or exposed for sale customers' motor vehicle records (their driver's licenses and the personal information contained in them) to another person – including The Retail Equation – Defendant has thus encroached upon Plaintiff's and the Class members' respective privacy rights to control the collection, use, and disclosure of their personal information.

71.    N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this section may bring a civil action under this section and, if successful, shall be awarded the greater of actual damages or liquidated damages of $2,500 for each violation; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other equitable relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

72.    Accordingly, with respect to Count II, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statute, including liquidated damages of $2,500 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.    For an order certifying the Class under N.H. Super.  Ct. R. CIV 16 and naming Plaintiff as representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Class members;

b.    For an order declaring that Defendant's conduct, as set out above, violates the DPA, N.H. RSA 260:14;

c.    For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.    For liquidated damages of $2,500.00 for each of Defendant's violations of the DPA, pursuant to N.H. RSA 260:14, X;

e.    For injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring Defendant to comply with N.H. RSA 260:14, IX(a), and N.H. RSA 260:14, IX(b);

f.    For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit;

g.    For pre- and post-judgment interest on all amounts awarded, to the extent allowable; and

h.    For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Respectfully submitted,
JODI BOURGEOIS,
By her attorneys,

**DOUGLAS, LEONARD & GARVEY, P.C.**

Date:  May 26, 2023          By:    /s/ Benjamin T. King
                                     Benjamin T. King, NH Bar #12888
                                     14 South Street, Suite 5
                                     Concord, NH 03301
                                     (603) 224-1988
                                     benjamin@nhlawoffice.com

                                       and

**BURSOR & FISHER, P.A.**

Date:  May 26, 2023          By:    /s/ Philip L. Fraietta
                                     Philip L. Fraietta, NY Bar #5297825
                                     (*to be admitted pro hac vice*)
                                     Matthew A. Girardi, NY Bar #5857057
                                     (*to be admitted pro hac vice*)
                                     1330 Avenue of the Americas, 32nd Floor
                                     New York, NY 10019
                                     (646) 837-7150
                                     pfraietta@bursor.com; mgirardi@bursor.com

21

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION

Case Name:     **Jodi Bourgeois v  The TJX Companies, Inc.**
Case Number:   **218-2023-CV-00685**

Date Complaint Filed: May 26, 2023
A Complaint has been filed against The TJX Companies, Inc. in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| July 23, 2023 | Jodi Bourgeois shall have this Summons and the attached Complaint served upon The TJX Companies, Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| August 13, 2023 | Jodi Bourgeois shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | The TJX Companies, Inc. must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to The TJX Companies, Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| Benjamin T. King, ESQ | Douglas Leonard & Garvey PC 14 South Street Suite 5 Concord NH  03301 |
| The TJX Companies, Inc. | 770 Cochituate Road Framingham MA  01701 |

BY ORDER OF THE COURT

June 08, 2023

Jennifer M. Haggar
Clerk of Court

(1082)

True Copy Attest

Jennifer M. Haggar, Clerk of Court

July 25, 2023

NHJB-2678-Se (07/01/2018)

This is a Service Document For Case: 218-2023-CV-00685
Rockingham Superior Court
7/26/2023 2:27 PM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## JODI BOURGEOIS
## INSTRUCTIONS FOR SERVICE
## BY THE SHERIFF'S DEPARTMENT

Case Name:     **Jodi Bourgeois v  The TJX Companies, Inc.**
Case Number:   **218-2023-CV-00685**

<u>**Instructions for:**</u> **Jodi Bourgeois**

The attached Summons must be sent to the Sheriff's Department for service.  Service must be completed on or before **July 23, 2023**.
<u>**Further action is required by you**</u>
**You must:**
- **Print two copies of the Summons per defendant**
- **Print two copies of the Notice to Defendant per defendant**
- **Print two copies of the Complaint filed with the Court per defendant**
- **Make two packets for service.  Each packet should contain:**
  - **One Summons**
  - **Once Notice for Defendant**
  - **One Complaint filed with the Court**
- **Mail or hand deliver the packets to the Sheriff's Department in the county where each defendant resides.**

**<u>Sheriff Departments in New Hampshire:</u>**

Belknap County Sheriff's Department:
Carroll County Sheriff's Department:
Cheshire County Sheriff's Department:
Coos County Sheriff's Department:
Grafton County Sheriff's Department:

Hillsborough County Sheriff's Department:
Merrimack County Sheriff's Department:
Rockingham County Sheriff's Department:
Strafford County Sheriff's Department:
Sullivan County Sheriff's Department:

**\*If one or more of the parties resides out of state, please click here for the requirements\***
Service must be made upon the defendant before **July 23, 2023**.

If the Sheriff is unable to complete service by **July 23, 2023** you will receive a "Notice of Incomplete Service" from the Sheriff's Department.  You may request that new paperwork be issued by electronically filing a Request for Documents.  There is a fee for this request.

The Sheriff will mail the 'Return of Service' to you.  You MUST electronically file the 'Return of Service' with the court by August 13, 2023.

**If service is not made as directed, no further action will occur and the case may be dismissed by the court.**

NHJB-2678-Se (07/01/2018)

# Important Service Information for Sheriff
## <u>Do not file this with the court</u>
Provide this information to the Sheriff's Department.
See Instructions for Service for more information.
**PLEASE PRINT CLEARLY**

Date: _____          Case #: _____

## <u>Who are you requesting to be served?</u>
Please provide whatever information you know

Name: _____

Address for service (no P.O. boxes):

_____          APT #: _____

_____

Home phone #: _____          Cell phone #: _____

Sex: ☐ Male    ☐ Female          Race: _____

Last 4 digits of SS#: xxx-xx- _____ _____ _____ _____          D.O.B. _____

Work name & address:

_____

Special instructions for service (i.e. directions, best time to serve, cautions, etc.):

_____

_____

Vehicle description/license plate:

_____

## <u>Your Information:</u>
Name (please print): _____

Residential address:                    Mailing address:

_____          _____

_____          _____

Phone number to contact you during business hours:

_____ Alternate #: _____

_____
Signature

♦**IN-HAND SERVICE WILL INCUR EXTRA COSTS DUE TO ADDITIONAL TRAVEL**♦

**SHERIFF OFFICE USE ONLY: (This will vary by Sheriff's Office)**

| | | |
|---|---|---|
| Fees Paid: $_____ Cash #: _____ Check#: _____ | | |
| Id#: _____ Waiver: _____ Money Order#: _____ Credit Card: _____ | | |
| Sheriff File # _____ Authorization #: _____ | | |

NHJB-2678-Se (07/01/2018)

Instructions for filing the Return of Service:

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Select "I am filing into an existing case".  Enter 218-2023-CV-00685 and click Next.

2. When you find the case, click on the link follow the instructions on the screen.  On the "What would you like to file?" screen, select "File Other Document" and choose "Return of Service".

3.  Scan the Return of Service packet and follow the instructions in the electronic filing program to upload the Return of Service to complete your filing.

4. If the sheriff was unable to serve the paperwork, you can request new paperwork by filing a Request for Documents.  On the "What would you like to file?" screen, select "File Other Document" and choose "Request for Reissued Summons" from the menu and upload the Request for Documents form.


**FAILURE TO FILE THESE DOCUMENTS MAY RESULT IN YOUR CASE BEING DISMISSED.**


June 08, 2023                                              Jennifer M. Haggar
Date                                                           Clerk of Court

You can access documents electronically filed through our Case Access Portal by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case.  After your information is validated by the court, you will be able to view case information and documents filed in your case.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:      **Jodi Bourgeois v  The TJX Companies, Inc.**
Case Number:    **218-2023-CV-00685**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Rockingham Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Rockingham Superior Court** as the location.

3. Select "I am filing into an existing case".  Enter **218-2023-CV-00685** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 6/19/2023 9:44 AM
Rockingham Superior Court
E-Filed Document

**Merrimack County Sheriff's Office**
DAVID A. CROFT
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

THE TJX COMPANIES, INC.
2 1/2 BEACON ST     141
CONCORD, NH 03301

AFFIDAVIT OF SERVICE

MERRIMACK, SS                                          6/15/23

I, DEPUTY BRIAN J DEFRANZO, on this day at 11:05     a.m./p.m.,
summoned the within named defendant THE TJX COMPANIES, INC. by leaving at
the office of Registered Agent CT Corporation, 2 1/2 Beacon Street, Ste
141, Concord, said County and State of New Hampshire, its true and lawful
agent for the service of process under and by virtue of Chapter 293-A, NH
RSA as amended, a true and attested copy of this Summons and Complaint.

FEES

    Service  $30.66
    Postage   1.00
    Travel   18.34
              _____
TOTAL        $50.00

DEPUTY BRIAN J DEFRANZO
Merrimack County Sheriff's Office

True Copy Attest

Jennifer M. Haggar, Clerk of Court
July 25, 2023

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT



Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION

Case Name:   **Jodi Bourgeois v  The TJX Companies, Inc.**
Case Number:   **218-2023-CV-00685**

Date Complaint Filed: May 26, 2023
A Complaint has been filed against The TJX Companies, Inc. in this Court. A copy of the Complaint is attached.

### The Court ORDERS that ON OR BEFORE:

| | |
|---|---|
| July 23, 2023 | Jodi Bourgeois shall have this Summons and the attached Complaint served upon The TJX Companies, Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| August 13, 2023 | Jodi Bourgeois shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | The TJX Companies, Inc. must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to The TJX Companies, Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| Benjamin T. King, ESQ | Douglas Leonard & Garvey PC 14 South Street Suite 5 Concord NH  03301 |
| The TJX Companies, Inc. | 770 Cochituate Road Framingham MA  01701 |

BY ORDER OF THE COURT

June 08, 2023

Jennifer M. Haggar
Clerk of Court

(1082)

NHJB-2678-Se (07/01/2018)

This is a Service Document For Case: 218-2023-CV-00685
Rockingham Superior Court
6/8/2023 1:54 PM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:     **Jodi Bourgeois v  The TJX Companies, Inc.**
Case Number:   **218-2023-CV-00685**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Rockingham Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Rockingham Superior Court** as the location.

3. Select "I am filing into an existing case".  Enter **218-2023-CV-00685** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 5/26/2023 1:16 PM
Rockingham Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                        SUPERIOR COURT

JODI BOURGEOIS,
individually and on behalf of all others similarly situated,
56 Ode Way
Manchester, NH 03103                     218-2023-CV-00685
v.

THE TJX COMPANIES, INC.
770 Cochituate Road
Framingham, MA 01701

### CLASS ACTION COMPLAINT
**Jury Trial Requested**

Plaintiff Jodi Bourgeois, individually and on behalf of all others similarly situated as set forth herein, alleges as follows:

### NATURE OF THE ACTION

1.      This is a class action against Defendant The TJX Companies, Inc. ("Defendant" or "TJ Maxx") for violating N.H. RSA 260:14 (the "Driver Privacy Act" or "DPA").

2.      Defendant requires its customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) in the customers' respective driver's licenses at various points (collectively, "driver's license transactions" or "DLTs"), including, *inter alia*, when:

(a)      seeking to complete the return of an item without showing a receipt (during a "non-receipted return"); and

(b)      seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

3.      In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the

information (including, but not limited to, customers' photographs or computerized images,

social security numbers, driver identification numbers, names, addresses, telephone numbers,

and/or medical or disability information) collected, during DLTs, from customers' respective

driver's licenses (which constitute department records, under the DPA) to a person or persons

known by Defendant to be an unauthorized person – including The Retail Equation.[1]

4.      In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of

business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected

during DLTs – specifically, customers' respective driver's licenses (issued or revoked by the

department relative to motor vehicles) and/or the information, including personal information,

contained in them – to The Retail Equation.

5.      Plaintiff and Class members were never informed by Defendant (and thus never

knew) that the information from their respective driver's licenses would be disclosed, sold,

rented, offered, or exposed for sale by Defendant, including to TRE.  Plaintiff and Class

members thus never consented to Defendant's having disclosed, sold, rented, offered, or exposed

for sale the information from their respective driver's licenses, including to TRE.

6.      Such policies and practices are illegal in the state of New Hampshire.

---

[1]      The Retail Equation ("TRE") is an entity owned by Appriss, Inc. that provides software used to recommend
for retailers to approve or deny transactions (such as non-receipted returns). Per TRE's website, located at
https://www.theretailequation.com/, "The Retail Equation, Inc. (TRE) works with retailers to warn consumers when
their return, exchange, post-sale adjustment, or re-shipment transactions (collectively known as 'Transactions')
violate store policies or mimic excessive behaviors. Sometimes the Transaction is stopped." Specifically, the TRE
Frequently Asked Questions ("FAQ") webpage, https://www.theretailequation.com/frequently-asked-questions/,
states, "TRE Transaction Authorization examines the purchase and Transaction data from a specific retailer.  It
examines the in-store and online transactions and connects them with an ID number—such as a form of payment or
government-issued ID.  The system then analyzes that consumer's Transaction history with that retailer to identify
activity that appears to be fraudulent or abusive or in violation of the retailer's policies."

## THE PARTIES

7.      Plaintiff Jodi Bourgeois ("Plaintiff") is a citizen of New Hampshire, residing in Manchester, New Hampshire.  Within the past three years, Plaintiff has made multiple non-receipted returns of clothing and accessories to a TJ Maxx retail store in Manchester, New Hampshire.

8.      Defendant required Plaintiff to release the personal information (including, but not limited to, Plaintiff's photograph or computerized image, social security number, driver identification number, name, address, telephone number, and/or medical or disability information) in her driver's license at various points ("DLTs"), including, *inter alia*, when Plaintiff sought to complete the return of an item without showing a receipt (during Plaintiff's "non-receipted return").

9.      In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly disclosed this information (including, but not limited to, Plaintiff's photographs or computerized images, social security numbers, driver identification number, name, address, telephone number, and/or medical or disability information) collected, during Plaintiff 's DLTs, from Plaintiff 's driver's license (which constitutes a department record, under the DPA) to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.

10.     In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sold, rented, offered, or exposed for sale motor vehicle records collected during DLTs – specifically, Plaintiff 's driver's license (issued or revoked by the department relative to motor vehicles) and/or the information, including personal information, contained in it – to The Retail Equation.

3

11.     Plaintiff was never informed by Defendant (and thus never knew) that the information from her driver's license would be disclosed, sold, rented, offered, or exposed for sale by Defendant, including to TRE. Plaintiff thus never consented to Defendant's having disclosed, sold, rented, offered, or exposed for sale the information from her driver's license, including to TRE.

12.     Defendant The TJX Companies, Inc. ("Defendant" or "TJ Maxx") is a Delaware corporation with its principal place of business in Framingham, Massachusetts. Defendant is an American clothing retailer.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to N.H. RSA 491:7.

14.     This Court may exercise personal jurisdiction over the defendant, pursuant to N.H. RSA 510:4, I, because Defendant is a nonresident who transacts business within in this state, has committed tortious acts within this state, and has the ownership, use, or possession of any real and personal property situated in this state, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this State.

15.     Venue is proper in this judicial district pursuant to N.H. RSA 507:9 because Plaintiff resides in this County.

## FACTS COMMON TO ALL CLAIMS

16.     The DPA was enacted by the New Hampshire state legislature in 1996[2] and then subsequently amended in response to two primary interests – "public safety as well as privacy."[3] Regarding the former, New Hampshire legislators became aware, "in the course of drafting

---

[2] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2290&sy=1996&sortoption=&txtsessionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Docket.
[3] https://gencourt.state.nh.us/BillHistory/SofS_Archives/1996/senate/HB1508S.pdf, HB 1508-FN (1996) Senate Actions Archive, p. 28.

4

stalking legislation and domestic violence legislation that one of the ways that victims are located after great effort to hide their location is through the easy availability of motor vehicle records."[4]  The DPA and its legislative history evince the General Court of New Hampshire's desire to respond forcefully to such grave public safety-related dangers.

17.    For example, before opting to amend the DPA,[5] New Hampshire state legislators considered how, "on March 21, 2002, the New York Times did an article on a Boston bar [that] . . . swipes [driver's] licenses" and how "the bar's owner, is quoted as saying, 'You swipe the license and all of a sudden, someone's whole life, as we know it, pops up in front of you. It is almost voyeuristic.'"[6]  The DPA works to stymie such voyeurism.  Along these lines, one member of the General Court aptly remarked, during the process of amending the DPA, "[i]f my wife goes to the local 7-11 and buys a six-pack of beer, I don't think the guy behind the counter should have any ability whatsoever to see where she lives or any other information. It is none of his business.  And, it is a stalking problem, in my opinion."[7]

18.    Turning from these issues of public safety to those of privacy, more generally, John Stephen, the then-Assistant Commissioner for the New Hampshire Department of Safety, is quoted by the state legislature's Committee Minutes as having stated that New Hampshire's driver privacy law was meant "not just to prevent stalking, but … to prevent the use of motor vehicle records for purposes other than motor vehicle related safety and law enforcement."[8]  Mr. Stephen, expounding upon the definition of "motor vehicle records," also stated: "RSA 260:14 is already pretty clear in its terms and that is one of the positions the Commissioner has in terms

---

[4] *Id.*
[5] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2366&sy=2002&txttitle=motor%20vehicle%20records, HB 1456-FN (2002) Bill Docket.
[6] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/senate/HB1456S.pdf, HB 1456-FN (2002) Senate Actions Archive, p. 12.
[7] *Id.* at p. 13.
[8] *Id.* at p. 16.

of enforcing motor vehicle records, that motor vehicle records are records that are kept by the

Department in its database and involves all registrations, histories, certificates, [and] licenses,

including personal information."[9]

19.    Critically, therefore, the DPA reflects the General Court of New Hampshire's

understanding that all such material – including driver's licenses and the confidential information

contained thereby and therein – are "property of the state."[10]    That is, the DPA's legislative

history reveals how "the information on your license, and in that [driver's license] magnetic

strip, belongs to the State of New Hampshire[.]"[11]

20.    Thus, as per then-Representative Neal Kurk, one of the sponsors of the DPA,[12] in

New Hampshire, it is vital:

> [t]hat the information given to the Department of Safety for the
> purpose of getting a license or registration is to be used by the
> Department and by others for those purposes only. It [i]s not to be
> used as a data bank for marketing.  It [i]s not to be used as a data
> bank for any other purpose; it [i]s to be used only to enforce motor
> vehicle laws.[13]

21.    Regarding the first of the proscribed types of conduct described by Mr. Kurk –

utilizing driver's licenses and the information contained thereby and therein to build a "data bank

for marketing" – the New Hampshire state legislature recognized that "the potential is there to

take the information off the back of [a driver's] license and keep a track record . . . of people that

… come in"[14] to a location.  The General Court noted that a business owner might "break down

---

[9] *Id.*
[10] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/house/HB1456H.pdf, HB 1456-FN (2002) House
Actions Archive, p. 11.
[11] HB 1456-FN (2002) Senate Actions Archive, p. 12.
[12] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/Bill_status.aspx?lsr=2290&sy=1996&sortoption=&txts
essionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Status.
[13] HB 1456-FN (2002) Senate Actions Archive, p. 28.
[14] *Id.* at p. 16.

his clients out by sex, age, zip code, or other characteristics."[15]  With relative ease, one can conceive of how this type of data-gathering might give rise to invidious forms of discrimination.

22.    Additionally, the legislature worried about how the hypothetical business owner described *supra* "could find out how many blonde women named Karen over 5' 2" came in over a weekend, how many of his customers have the middle initial M. and, more practically, he can build mailing lists based on all that data and keep track of who comes back."[16]  Thus, even when customers have otherwise sought to maintain their privacy (i.e., by paying at a store with cash rather than a credit or debit card, by withholding their names from store associates, by choosing not to share with store associates any receipts from their prior purchases, etc.), the hypothetical business owner with prying eyes might – profitably and permanently – link a person's business transactions with that person's identity, simply (and perhaps unbeknownst to said person) by collecting the person's driver's license.  The General Court, through the DPA, wished to put an end to these sorts of circumstances, in which unscrupulous entities might attempt to turn a profit by usurping the aforementioned property of the state – and to how, by building databases and/or mailing lists from driver's license information, one can "tell what people have purchased, what they haven't purchased and you can sell those lists."[17]

23.    Relatedly, the legislative history of the DPA marks the General Court's apprehension regarding the ways in which such lists or databases might be used, by entities other than the Department of Safety, and to the detriment of even a privacy-minded person, like people alluded to above, in order to "establish who that person really is" and "build a database for bio-metrics."[18]  At least one legislator was particularly dismayed and perturbed by the notion that

---

[15] *Id.* at p. 12.
[16] *Id.*
[17] *Id.* at p. 13.
[18] *Id.*

businesses might, eventually, exert pressure on States so that they "put a fingerprint or a thumbprint on your license. That will be encoded into the magnetic strip and once again, they [(the driver's license database-building entities)] will have it."[19]

24.    The DPA also responds to how driver's licenses and their attendant personal information may be incorporated into other types of data banks and non-sanctioned activities, as discussed by Mr. Kurk, *supra*. Specifically, the DPA's legislative history includes contemplation about how, when entities utilize "licenses and they start keeping databases, it is pretty easy to trace where you have been, probably easy to trace who you were with. So, it is, in my opinion, big brother. The point is that we don't need it."[20] Thus, the DPA serves to protect the ability of New Hampshire residents to move unobtrusively and without uninvited surveillance or scrutiny.

25.    Indeed, a New Hampshire-based news outlet relates:

> John Stephen, assistant commissioner of the N.H. Department of Safety, said, "The Legislature gave a clear intent when they passed the driver privacy act — to protect driver information. The bottom line is that the act of establishing a database using that information is, in our minds, contrary to the intent of that law. This should not be done in New Hampshire. It's clear in our minds, people in this state are very committed to protecting the information the Department of Motor Vehicles retains on drivers." Stephen said the retail operations have not been authorized to use or to collect the information on drivers' licenses, and he wants the practice to stop. "No agency, outside of law enforcement, has been authorized by the Department of Motor Vehicles to collect this information, for any purpose," Stephen said.[21]

26.    However, Defendant plainly violates the Driver Privacy Act.

27.    In the DPA – N.H. RSA 260:14, I – it is stated that, "In this section:"

---

[19] *Id.*
[20] *Id.*
[21] https://www.seacoastonline.com/story/news/2001/08/19/scanning-licenses-violates-spirit-law/51299154007/.

    (a) "Motor vehicle records" means all applications, reports required by law, registrations, histories, certificates, and licenses issued or revoked by the department relative to motor vehicles and the information, including personal information, contained in them.

    (b) "Person" means an individual, organization or entity, but shall not include this state or an agency thereof. "Person" shall include the personal representative of any person injured or killed in the motor vehicle accident, including the person's conservator, executor, administrator, or next of kin as defined in RSA 259:66-a.

    (c) "Personal information" means information in motor vehicle records that identifies a person, including a person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information.

    (d) " Legitimate business " means a business which is registered in New Hampshire and which receives compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

N.H. RSA 260:14, I(a)-(d).

    28.    Under these definitions:

    (a)    Defendant's customers' driver's licenses, including the personal information contained in them, constitute "motor vehicle records." N.H. RSA 260:14, I(a).

    (b)    Defendant, as an "organization or entity," constitutes a "person." N.H. RSA 260:14, I(b).

    (c)    The information in Defendant's customers' driver's licenses (which are "motor vehicle records," as stated *supra*), including each customer's person's photograph or computerized image, social security number, driver identification number,

name, address (but not the 5-digit zip code), telephone number, and medical or disability

information, constitutes "personal information." N.H. RSA 260:14, I(c).

(d)    Defendant is not a "legitimate business" because Defendant does

not receive compensation in connection with matters of motor vehicle or driver safety or

theft, motor vehicle emissions, and motor vehicle market research activities, including

survey research. N.H. RSA 260:14, I(d).

29.    N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly
> discloses information from a department record to a person known
> by such person to be an unauthorized person; knowingly makes a
> false representation to obtain information from a department
> record; or knowingly uses such information for any use other than
> the use authorized by the department. In addition, any professional
> or business license issued by this state and held by such person
> may, upon conviction and at the discretion of the court, be revoked
> permanently or suspended. Each such unauthorized disclosure,
> unauthorized use or false representation shall be considered a
> separate offense.

N.H. RSA 260:14, IX(a).

30.    In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the

information (including, but not limited to, customers' photographs or computerized images,

social security numbers, driver identification numbers, names, addresses, telephone numbers,

and/or medical or disability information) from customers' respective driver's licenses (acquired

during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute

department records, under the DPA, to a person or persons known by Defendant to be an

unauthorized person – including The Retail Equation.

31.    Defendant engages in this conduct so that TRE, on Defendant's behalf, may

connect customers' in-store and/or online transactions with customers' government-issued IDs

and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

32.    N.H. RSA 260:14, IX(b) provides:

> A person is guilty of a class B felony if, in the course of business, such person knowingly sells, rents, offers, or exposes for sale motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

33.    In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses issued or revoked by the department relative to motor vehicles and/or the information, including personal information, contained in them – to The Retail Equation.

34.    Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

35.    Plaintiff brings this action to prevent Defendant from further encroaching upon the privacy rights of New Hampshire residents, and to recover liquidated damages for Defendant's violations of the DPA.

## CLASS ACTION ALLEGATIONS

36.    Plaintiff seeks to represent a class (the "Class") defined as:

> All persons in the State of New Hampshire whose driver's license information (including, but not limited to, customers' photographs

or computerized images, social security numbers, driver
identification numbers, names, addresses, telephone numbers,
and/or medical or disability information) was collected by
Defendant and disclosed, sold, rented, offered, or exposed for sale
by Defendant, including to The Retail Equation.

37.     Excluded from the Class are Defendant, its subsidiaries, affiliates, officers,
directors, assigns and successors, and any entity in which it has a controlling interest, and the
Judge to whom this case is assigned and any member of his or her immediate family.

38.     Members of the Class are so numerous that their individual joinder herein is
impracticable.  On information and belief, members of the Class number in the hundreds of
thousands.  The precise number of Class members and their identities are unknown to Plaintiff at
this time but will be determined through discovery.  Class members may be notified of the
pendency of this action by mail and/or publication through the distribution records of Defendant
and third-party retailers and vendors.

39.     Common questions of law and fact exist as to all Class members and predominate
over questions affecting only individual Class members.  Common legal and factual questions
include, but are not limited to:

(a)     whether Defendant "knowingly discloses information from a department
record to a person known by such person to be an unauthorized person; knowingly makes a false
representation to obtain information from a department record; or knowingly uses such
information for any use other than the use authorized by the department";

(b)     whether in the course of business, Defendant "knowingly sells, rents,
offers, or exposes for sale motor vehicle records to another person";

(c)     whether Defendant's conduct violates N.H. RSA 260:14, IX(a), N.H. RSA
260:14, IX(b), and/or any other applicable laws; and

12

(d)    whether, as a result of Defendant's misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive, and/or monetary relief and, if so, the amount and nature of such relief.

40.    Plaintiff's claims are typical of the claims of Class members because Plaintiff, like all class members, had her driver's license information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) collected by Defendant and disclosed, sold, rented, offered, or exposed for sale by Defendant, including to The Retail Equation.

41.    Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained counsel competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

42.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of

13

Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of N.H. RSA 260:14, IX(a)

43.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

44.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

45.     Defendant's customers' driver's licenses, including the personal information contained therein, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

46.     Defendant, as an "organization or entity," constitutes a "person" under N.H. RSA 260:14, I(b).

47.     The information in Defendant's customers' driver's licenses (which are "motor vehicle records," as stated *supra*), including each customer's person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information" under N.H. RSA 260:14, I(c).

48.     Defendant is not a "legitimate business" under N.H. RSA 260:14, I(d) because Defendant does not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

49.     Defendant requires its customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers,

driver identification numbers, names, addresses, telephone numbers, and/or medical or disability

information) in the customers' respective driver's licenses at various points (collectively,

"driver's license transactions" or "DLTs"), including, *inter alia*, when:

       (a)    seeking to complete the return of an item without showing a receipt

(during a "non-receipted return").

       (b)    seeking to utilize in-store credit (i.e., via stored value cards) conferred

upon the completion of non-receipted returns (upon wishing to complete "in-store credit

transactions").

    50.    N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly
> discloses information from a department record to a person known
> by such person to be an unauthorized person; knowingly makes a
> false representation to obtain information from a department
> record; or knowingly uses such information for any use other than
> the use authorized by the department. In addition, any professional
> or business license issued by this state and held by such person
> may, upon conviction and at the discretion of the court, be revoked
> permanently or suspended. Each such unauthorized disclosure,
> unauthorized use or false representation shall be considered a
> separate offense.

N.H. RSA 260:14, IX(a).

    51.    In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the

information (including, but not limited to, customers' photographs or computerized images,

social security numbers, driver identification numbers, names, addresses, telephone numbers,

and/or medical or disability information) from customers' respective driver's licenses (acquired

during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute

department records, under the DPA, to a person or persons known by Defendant to be an

unauthorized person – including The Retail Equation.

52.     Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

53.     Plaintiff and Class members were never informed by Defendant (and thus never knew) that the information from their respective driver's licenses would be disclosed by Defendant, including to TRE.  Plaintiff and Class members thus never consented to Defendant's having disclosed the information from their respective driver's licenses, including to TRE.

54.     Each time that Defendant knowingly disclosed the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) from customers' respective driver's licenses (acquired during non-receipted returns, in-store credit transactions, and/or other transactions) – which constitute department records, under the DPA – to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation – Defendant committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(a), thereby damaging Plaintiff and Class members.

55.     Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct, pursuant to N.H. RSA 260:14, IX(a), because:

(a)     Had Plaintiff and Class members been conferred the opportunity to provide or withhold their consent to Defendant's having disclosed the information from their respective driver's licenses, including to TRE, they would have withheld their consent.

16

(b)    By disclosing customers' information to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation – Defendant has encroached upon Plaintiff's and the Class members' respective privacy rights to control the collection, use, and disclosure of their personal information.

56.    N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this section may bring a civil action under this section and, if successful, shall be awarded the greater of actual damages or liquidated damages of $2,500 for each violation; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other equitable relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

57.    Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statue, including liquidated damages of $2,500 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

## COUNT II
### Violation of N.H. RSA 260:14, IX(b)

58.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

59.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

60.    Defendant's customers' driver's licenses, including the personal information contained in them, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

61.    Defendant, as an "organization or entity," constitutes a "person" under N.H. RSA 260:14, I(b).

17

62.     The information in Defendant's customers' driver's licenses (which are "motor vehicle records," as stated supra), including each customer's person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information" under N.H. RSA 260:14, I(c).

63.     Defendant is not a "legitimate business" under N.H. RSA 260:14, I(d) because Defendant does not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

64.     Defendant requires its customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) in the customers' respective driver's licenses at various points (collectively, "driver's license transactions" or "DLTs"), including, *inter alia*, when:

        (a)     seeking to complete the return of an item without showing a receipt (during a "non-receipted return"); and

        (b)     seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

65.     N.H. RSA 260:14, IX(b) provides:

> A person is guilty of a class B felony if, in the course of business, such person knowingly sells, rents, offers, or exposes for sale motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

18

66.     In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses issued or revoked by the department relative to motor vehicles and/or the information, including personal information, contained in them – to The Retail Equation.

67.     Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

68.     Plaintiff and Class members were never informed by Defendant (and thus never knew) that their motor vehicle records (their driver's licenses and the personal information contained in them) would be sold, rented, offered, or exposed for sale by Defendant, including to TRE.  Plaintiff and Class members thus never consented to Defendant's having sold, rented, offered, or exposed for sale their motor vehicle records (their driver's licenses and the personal information contained in them), including to TRE.

69.     Each time that Defendant knowingly sold, rented, offered, or exposed for sale customers' motor vehicle records (their driver's licenses and the personal information contained in them) to another person – including The Retail Equation – Defendant committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(b), thereby damaging Plaintiff and Class members.

70.     Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct, pursuant to N.H. RSA 260:14, IX(b), because:

19

(a)    Had Plaintiff and Class members been conferred the opportunity to

provide or withhold their consent to Defendant's having sold, rented, offered, or exposed for sale

their motor vehicle records (their driver's licenses and the personal information contained in

them), including to TRE, they would have withheld their consent.

(b)    By having sold, rented, offered, or exposed for sale customers' motor

vehicle records (their driver's licenses and the personal information contained in them) to

another person – including The Retail Equation – Defendant has thus encroached upon Plaintiff's

and the Class members' respective privacy rights to control the collection, use, and disclosure of

their personal information.

71.    N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this
> section may bring a civil action under this section and, if successful,
> shall be awarded the greater of actual damages or liquidated
> damages of $2,500 for each violation; reasonable attorneys' fees and
> other litigation costs reasonably incurred; and such other equitable
> relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

72.    Accordingly, with respect to Count II, Plaintiff, individually and on behalf of the

proposed Class, prays for the relief set forth by the statute, including liquidated damages of $2,500

for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and

such other equitable relief as the court determines to be appropriate.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks

judgment against Defendant, as follows:

a.    For an order certifying the Class under N.H. Super.  Ct. R. CIV 16 and naming
Plaintiff as representative of the Classes and Plaintiff's attorneys as Class Counsel
to represent the Class members;

b.  For an order declaring that Defendant's conduct, as set out above, violates the DPA, N.H. RSA 260:14;

c.  For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.  For liquidated damages of $2,500.00 for each of Defendant's violations of the DPA, pursuant to N.H. RSA 260:14, X;

e.  For injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring Defendant to comply with N.H. RSA 260:14, IX(a), and N.H. RSA 260:14, IX(b);

f.  For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit;

g.  For pre- and post-judgment interest on all amounts awarded, to the extent allowable; and

h.  For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Respectfully submitted,
JODI BOURGEOIS,
By her attorneys,

**DOUGLAS, LEONARD & GARVEY, P.C.**

Date:  May 26, 2023        By:    /s/ Benjamin T. King
Benjamin T. King, NH Bar #12888
14 South Street, Suite 5
Concord, NH 03301
(603) 224-1988
benjamin@nhlawoffice.com

and

**BURSOR & FISHER, P.A.**

Date:  May 26, 2023        By:    /s/ Philip L. Fraietta
Philip L. Fraietta, NY Bar #5297825
(*to be admitted pro hac vice*)
Matthew A. Girardi, NY Bar #5857057
(*to be admitted pro hac vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
(646) 837-7150
pfraietta@bursor.com; mgirardi@bursor.com

21

Filed
File Date: 7/14/2023 2:24 PM
Rockingham Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

Court Name: **Rockingham Superior Court**

Case Name: **Jodi Bourgeois v. The TJX Companies, Inc.**

Case Number: **218-2023-CV-00685**
(if known)

## APPEARANCE/WITHDRAWAL

**APPEARANCE**

Type of appearance (Select One)

☑ Appearance        ☐ Limited Appearance *(Civil cases only)*

If limited appearance, scope of representation:

_____

_____

_____

_____

Select One:

☑ As Counsel for:

**The TJX Companies, Inc.**

| (Name) | (Address) | (Telephone Number) |
|---|---|---|
| (Name) | (Address) | (Telephone Number) |
| (Name) | (Address) | (Telephone Number) |

☐ I will represent myself (*self-represented*)

**WITHDRAWAL**

As Counsel for _____  _____  _____

Type of Representation: (Select one)

☐ Appearance:
    ☐ Notice of withdrawal was sent to my client(s) on: _____ at the following address:

_____

    ☐ A motion to withdraw is being filed.

☐ Limited Appearance: (Select one)
    ☐ I am withdrawing my limited appearance as I have completed the terms of the limited representation.

    ☐ The terms of limited representation have not been completed. A motion to withdraw is being filed.

True Copy Attest

Jennifer M. Haggar, Clerk of Court

July 25, 2023

**Case Name:** **Jodi Bourgeois v. The TJX Companies, Inc.**

**Case Number:** **218-2023-CV-00685**

**APPEARANCE/WITHDRAWAL**

---

**For non e-filed cases:**

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

_____           _____
Other party                                                      Other party's attorney

---

**OR**

---

**For e-filed cases:**

☑ I state that on this date I am sending a copy of this document as required by the rules of the court. I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case. I am mailing or hand-delivering copies to all other interested parties.

---

| | |
|---|---|
| **Nathan R. Fennessy** | **/s/ Nathan R. Fennessy**          07/14/2023 |
| Name of Filer | Signature of Filer                          Date |
| **Preti, Flaherty, Beliveau & Pachios, PLLP**     **264672** | **(603) 410-1528** |
| Law Firm, if applicable          Bar ID # of attorney | Telephone |
| **P.O. Box 1318** | **nfennessy@preti.com** |
| Address | E-mail |
| **Concord**          **NH**          **03302-1318** | |
| City          State          Zip code | |

Filed
File Date: 7/14/2023 2:24 PM
Rockingham Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                           SUPERIOR COURT

Docket No. 218-2023-CV-00685

JODI BOURGEOIS,
individually and on behalf of all others similarly situated,
56 Ode Way
Manchester, NH 03103

v.

THE TJX COMPANIES, INC.
770 Cochituate Road
Framingham, MA 01701

**<u>DEFENDANT THE TJX COMPANIES, INC.'S NOTICE OF REMOVAL</u>**

**PLEASE TAKE NOTICE** that, on July 14, 2023, Defendant The TJX Companies, Inc.

("TJX") has filed a *Notice of Removal*, a true and correct copy of which is attached hereto as

**Exhibit 1**, for the purpose of removing this case to the United States District Court for the District

of New Hampshire.

**PLEASE TAKE FURTHER NOTICE** that TJX, upon filing the attached *Notice of*

*Removal* with the federal district court and filing and serving this *Notice*, will have effected this

removal in accordance with to 28 U.S.C. §§ 1332, 1441, and 1446.

TJX, therefore, respectfully requests that the Court proceed no further in this action unless

and until such time as this action is remanded by order of the United States District Court for the

District of New Hampshire.

True Copy Attest

Jennifer M. Haggar, Clerk of Court

July 25, 2023

# Exhibit 1

Respectfully Submitted,

THE TJX COMPANIES, INC.

By Their Attorneys,
PRETI FLAHERTY BELIVEAU & PACHIOS, PLLP

Dated:  July 14, 2023

/s/  Nathan R. Fennessy
Nathan R. Fennessy, NH Bar No. 264672
P.O. Box 1318
Concord, NH 03302-1318B
Telephone:  603.310.1528
nfennessy@preti.com

and

/s/  P. Craig Cardon
P. Craig Cardon, Cal. Bar No. 168646
(*pro hac vice* app. to be filed)
Benjamin O. Aigboboh, Cal. Bar No. 268531
(*pro hac vice* app. to be filed)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA  90067
Telephone:  310.228-3700
ccardon@sheppardmullin.com
baigboboh@sheppardmullin.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2023, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system, and have served it via email and U.S. Mail on:

*Attorneys for Plaintiff*

Benjamin T. King
Douglas, Leonard, & Garvey, P.C.
14 South Street, Suite 5
Concord, NH 03301
benjamin@nhlawoffice.com

Phillip L. Fraietta
Matthew A. Girardi
Bursor & Fisher, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
pfraietta@bursor.com
mgirardi@bursor.com

/s/  Nathan R. Fennessy
Nathan R. Fennessy, NH Bar No. 264672

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

JODI BOURGEOIS,

           Plaintiff,

    v.

THE TJX COMPANIES, INC.,

           Defendant.

Case No. 1:23-cv-354

### DEFENDANT THE TJX COMPANIES, INC.'S NOTICE OF REMOVAL

Defendant The TJX Companies, Inc. ("TJX") removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the civil action entitled *Jodi Bourgeois v. The TJX Companies, Inc.*, Case No. 218-2023-CV-00685, originally filed in the Rockingham Superior Court on May 26, 2023 (the "State Court Action"). In support of this *Notice of Removal*, TJX states the following:

### BACKGROUND

1. On May 26, 2023, Plaintiff Jodi Bourgeois ("Plaintiff"), on behalf of herself and all others similarly situated, commenced the State Court Action by filing a *Class Action Complaint* ("*Complaint*") in Rockingham Superior Court (the "State Court"). In accordance with 28 U.S.C. § 1446(a), a true and accurate copy of the *Complaint*, together with "all process, pleadings, and orders" on file in the State Court, are attached hereto as **Exhibit A**.

2. TJX was served with the summons and a copy of the *Complaint* on June 15, 2023.

3. Plaintiff brings this action individually and as class representative to recover damages for alleged violations of New Hampshire's Driver Privacy Act, RSA 260:14 ("DPA").

4. The *Complaint* alleges that TJX violates the DPA because it requires customers to release the personal information on their driver's licenses when they are "seeking the return of an

item without showing a receipt (during a 'non-receipted return')" or "seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete 'in-store credit transactions')" and knowingly discloses the information to its fraud prevention vendor The Retail Equation ("TRE"). *Complaint* ¶¶ 1-3. Plaintiff seeks, *inter alia*, "liquidated damages of $2,500.00 for each of [TJX's] violations of the DPA" on behalf of "[a]ll persons in the State of New Hampshire whose driver's license information…was collected by [TJX] and disclosed, sold, rented, offered, or exposed for sale by [TJX]…." *Id*. at ¶ 36, Prayer for Relief.

## STATEMENT OF GROUNDS FOR REMOVAL

5.       Under the Class Action Fairness Act ("CAFA"), federal courts have jurisdiction over putative class actions filed after February 18, 2005 if: (a) any member of the plaintiff class is a citizen of a State different from any defendant ("minimal diversity") (28 U.S.C. § 1332(d)(2)(A)); (b) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief (28 U.S.C. § 1332(d)(5)(A)); (c) there are more than 100 members in the putative class(es) (28 U.S.C. § 1332(d)(5)(B)); and (d) the amount in controversy exceeds $5,000,000, exclusive of interests and costs (28 U.S.C. § 1332(d)(6)).

6.       As set forth below, this action is removable under CAFA because Plaintiff and putative class members are citizens of a State different from that of one or more of Defendants (who are not states, state officials, or other government entities), there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

**Minimal Diversity Exists**

7.     Under CAFA, minimal diversity exists where any member of the class of plaintiffs is a citizen of a State different from any defendant.  28 U.S.C. § 1332(d)(2)(A).

8.     The *Complaint* alleges that Plaintiff is New Hampshire citizen.  *Complaint* ¶ 7. Plaintiff also purports to represent a putative class of "New Hampshire residents[.]  *Id*. at ¶ 35; *see also id.* at ¶ 36.

9.     TJX is a Delaware corporation with its principal place of business in Massachusetts. As such, TJX is a citizen of Delaware and Massachusetts.  28 U.S.C. § 1332(c)(1).

10.    Because Plaintiff and the members of the putative class are citizens of a state different from TJX, minimal diversity exists.  28 U.S.C. § 1332(d)(2)(A); *see also Lee v. Conagra Brands, Inc.*, 958 F.3d 70, 75 (1st Cir. 2020) (diversity requirement "because [plaintiff] is a resident of Massachusetts and [defendant] is a Delaware corporation with its headquarters in Illinois").

**TJX Is Not A State, State Official, Or Governmental Entity**

11.    TJX is not a state, state official, or government entity.  *See Complaint* ¶ 12.  As such, CAFA's non-governmental entity requirement is satisfied.  28 U.S.C. § 1332(d)(5)(A).

**The Putative Class Exceeds 100 Class Members**

12.    Under CAFA, removal is proper where "the number of members of all proposed plaintiff classes in the aggregate" is more than 100.  28 U.S.C. § 1332(d)(5)(B).

13.    The *Complaint* alleges the putative class includes all persons in the State of New Hampshire whose driver's license information was collected by TJX during a non-receipted return or in-store credit transaction (*i.e.*, an at-issue transaction), and disclosed, sold, rented, offered, or exposed for sale by TJX to others, including TRE.  *Complaint* ¶ 36.  The *Complaint* alleges that putative class members "number in the hundreds of thousands."  *Id*. ¶ 38; *see also Sierra v.*

*Progressive Direct Ins. Co.,* No. CIV.A. 12-30020-FDS, 2012 WL 4572923, at *1 (D. Mass. Sept. 28, 2012) (class size requirement met where "the complaint allege[d] a class of 'at least a few thousand people'").

14.     Because the *Complaint* alleges that the number of members in the putative class exceeds 100, CAFA's class size requirement is satisfied.

**The Amount In Controversy Exceeds $5,000,000**

15.     Under CAFA, removal is proper where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Although the *Complaint* does not include a specific total monetary demand – and TJX denies that it has any liability, or owes any damages, to Plaintiff, the members of the putative class, or any other putative and purported class alleged in this action, or that any purported class may be certified pursuant to Federal Rule of Civil Procedure 23 – the amount in controversy requirement is met.

16.     First, Plaintiff and the putative class seek, *inter alia*, $2,500 in liquidated damages for each alleged violation of the DPA and allege that the DPA was violated during each non-receipted return or an in-store credit transaction. *Complaint* ¶¶ 1-4, Prayer for Relief. To meet the amount in controversy, then, there must be, at least, 2,500 non-receipted returns and an in-store credit transactions ($2,500 x 2,500 = $5,000,000). The *Complaint* alleges that there were "hundreds of thousands" of such transactions. *Id*. ¶ 38. The *Complaint*, therefore, alleges that the amount in controversy far exceeds $5,000,000. *See, e.g.*, *Sierra*, 2012 WL 4572923, at **2-3

(amount in controversy requirement met where plaintiff sought $8,000 and alleged there were a few thousand in the putative class).

17. Second, Plaintiff seeks to recover attorneys' fees on behalf of herself and the putative class. *Complaint*, Prayer for Relief. Attorneys' fees are included in determining the amount in controversy for purposes of CAFA jurisdiction where, as the *Complaint* alleges here, they are provided for by statute. *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 81 n.15 (1st Cir. 2014); *Complaint* ¶ 71 (quoting R.H. RSA 260:14, X). Courts have found that "[a] median recovery range for attorney's fees is approximately 30 percent[.]" *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 357 n.1 (3d Cir. 2015); *see also Pazol v. Tough Mudder, Inc.*, 819 F.3d 548, 553-54 (1st Cir. 2016) (adding a 33% attorney's fee award in determining CAFA jurisdiction). 30 percent of $2,500 (the damages sought per DPA violation) is $750. The *Complaint* alleges that there have been hundreds of thousands of at-issue transactions and, therefore, violations. As such, attorneys' fees would further increase the amount in controversy (which already exceeds the CAFA threshold) well above the threshold $5,000,000 amount in controversy requirement.

18. Because, as alleged in the *Complaint*, the aggregate amount of relief sought by Plaintiff and the putative class exceeds $5,000,000, exclusive of interest and costs, CAFA's amount in controversy requirement is satisfied. 28 U.S.C. §§ 1332(d)(2), (d)(6).

## THE *NOTICE OF REMOVAL* IS PROCEDURALLY PROPER

19. The *Notice of Removal* contains a "short plain statement of the grounds for removal," and copies of the *Complaint* and any other process, pleadings, and orders that Plaintiff served on TJX as of the date of the *Notice of Removal* are attached collectively as **Exhibit A**. 28 U.S.C. § 1446(a).

20.     The *Notice of Removal* is timely filed under 28 U.S.C. §§ 1453(b), 1446(b) because TJX was served with the *Complaint* on June 15, 2023 and is filing this *Notice of Removal* within thirty days of service (*i.e.*, on or before July 17, 2023).

21.     Venue is proper in the United States District Court for the District of New Hampshire because this action was filed and is pending in the Superior Court of Rockingham County, State of New Hampshire, which is within this District.  28 U.S.C. §§ 1441(a), 1446(a).

22.     TJS will promptly send this Notice of Removal to opposing counsel via the letter attached hereto as **Exhibit B** and will promptly file the notice of removal attached hereto as **Exhibit C** with the State Court and provide a copy of the same to Plaintiff.  28 U.S.C. § 1446(d).

23.     By removing the action to this Court, TJX does not waive any defenses that are available to it under state or federal law.  TJX expressly reserves all threshold defenses to this action and its right, for example, to move to compel arbitration, to dismiss or for the entry of judgment pursuant to Federal Rules of Civil Procedure 12 and 56, and/or to strike or oppose the certification of any putative class pursuant to Federal Rule of Civil Procedure 23.

## <u>CONCLUSION</u>

24.     WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and for the reasons set forth above, TJX respectfully removes this action from the Superior Court of Rockingham County, State of New Hampshire, to the United States District Court for the District of New Hampshire.

Respectfully Submitted,
THE TJX COMPANIES, INC.

By Their Attorneys,
PRETI FLAHERTY BELIVEAU & PACHIOS, PLLP

Dated: July 14, 2023                   /s/ Nathan R. Fennessy
                                       Nathan R. Fennessy, NH Bar No. 264672
                                       P.O. Box 1318
                                       Concord, NH 03302-1318B
                                       Telephone: 603.310.1528
                                       nfennessy@preti.com

                                       and

                                       SHEPPARD MULLIN RICHTER & HAMPTON LLP

                                       /s/ P. Craig Cardon
                                       P. Craig Cardon, Cal. Bar No. 168646
                                       (pro hac vice app. to be filed)
                                       Benjamin O. Aigboboh, Cal. Bar No. 268531
                                       (pro hac vice app. to be filed)
                                       1901 Avenue of the Stars, Suite 1600
                                       Los Angeles, CA 90067
                                       Telephone: 310.228-3700
                                       ccardon@sheppardmullin.com
                                       baigboboh@sheppardmullin.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2023, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system, and have served it via email and U.S. Mail on:

*Attorneys for Plaintiff*

Benjamin T. King                       Phillip L. Fraietta
Douglas, Leonard, & Garvey, P.C.       Matthew A. Girardi
14 South Street, Suite 5               Bursor & Fisher, P.A.
Concord, NH 03301                      1330 Avenue of the Americas, 32nd Floor
benjamin@nhlawoffice.com               New York, NY 10019
                                       pfraietta@bursor.com
                                       mgirardi@bursor.com

                                       /s/ Nathan R. Fennessy
                                       Nathan R. Fennessy, NH Bar No. 264672

7

# Exhibit A

®Wolters Kluwer

## Service of Process Transmittal Summary

**TO:**    Georgina Krotje
The TJX Companies, Inc.
770 COCHITUATE RD
FRAMINGHAM, MA 01701-4666

**RE:**    **Process Served in New Hampshire**

**FOR:**    The TJX Companies, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jodi Bourgeois vs. The TJX Companies, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Notice, Complaint, Affidavit |
| **COURT/AGENCY:** | Rockingham County Superior Court, NH<br>Case # 2182023CV00685 |
| **NATURE OF ACTION:** | Demands a trial by jury on all causes of action and issues so triable |
| **PROCESS SERVED ON:** | C T Corporation System, Concord, NH |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/15/2023 at 15:32 |
| **JURISDICTION SERVED:** | New Hampshire |
| **APPEARANCE OR ANSWER DUE:** | On or before 07/23/2023 (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Benjamin T. King<br>Douglas, Leonard & Garvey, P.C.<br>14 South Street, Suite 5<br>Concord, NH 03301<br>603-224-1988 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/16/2023, Expected Purge Date: 06/21/2023 |
| | Image SOP |
| | Email Notification, Georgina Krotje  georgina_krotje@tjx.com |
| | Email Notification, James Evans  james_evans@tjx.com |
| | Email Notification, Katie Messinger  kate_messinger@tjx.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>2 1/2 Beacon Street<br>Concord, NH 03301<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |



**CT Corporation**
**Service of Process Notification**
06/15/2023
CT Log Number 544081798

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                              Thu, Jun 15, 2023
**Server Name:**                       Drop Service

| Entity Served | THE TJX COMPANIES, INC. |
|---|---|
| Case Number | 218-2023-CV-00685 |
| Jurisdiction | NH |

| Inserts | | |
|---|---|---|
| | | |





# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH 03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION

Case Name:     **Jodi Bourgeois v The TJX Companies, Inc.**
Case Number:   **218-2023-CV-00685**

Date Complaint Filed: May 26, 2023
A Complaint has been filed against The TJX Companies, Inc. in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| July 23, 2023 | Jodi Bourgeois shall have this Summons and the attached Complaint served upon The TJX Companies, Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| August 13, 2023 | Jodi Bourgeois shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | The TJX Companies, Inc. must electronically file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to The TJX Companies, Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

Benjamin T. King, ESQ          Douglas Leonard & Garvey PC 14 South Street Suite 5 Concord
                               NH  03301

The TJX Companies, Inc.        770 Cochituate Road Framingham MA  01701

BY ORDER OF THE COURT

June 08, 2023

(1082)

A TRUE COPY ATTEST:

Jennifer M. Haggar
Clerk of Court

Deputy Brian J. DeFranzo
Merrimack County Sheriff's Office

NHJB-2678-Se (07/01/2018)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name: **Jodi Bourgeois v The TJX Companies, Inc.**
Case Number: **218-2023-CV-00685**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Rockingham Superior Court.** Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer. For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps. If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process. Click Register and follow the prompts.

2. After you register, click Start Now. Select **Rockingham Superior Court** as the location.

3. Select "I am filing into an existing case". Enter **218-2023-CV-00685** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen. On the "What would you like to file?" screen, select "File a Response to Civil Complaint". Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide. In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 5/26/2023 1:16 PM
Rockingham Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                        SUPERIOR COURT

JODI BOURGEOIS,
individually and on behalf of all others similarly situated,
56 Ode Way
Manchester, NH 03103                          218-2023-CV-00685
v.

THE TJX COMPANIES, INC.
770 Cochituate Road
Framingham, MA 01701

**CLASS ACTION COMPLAINT**
**Jury Trial Requested**

Plaintiff Jodi Bourgeois, individually and on behalf of all others similarly situated as set

forth herein, alleges as follows:

**NATURE OF THE ACTION**

1.      This is a class action against Defendant The TJX Companies, Inc. ("Defendant"

or "TJ Maxx") for violating N.H. RSA 260:14 (the "Driver Privacy Act" or "DPA").

2.      Defendant requires its customers to release their personal information (including,

but not limited to, customers' photographs or computerized images, social security numbers,

driver identification numbers, names, addresses, telephone numbers, and/or medical or disability

information) in the customers' respective driver's licenses at various points (collectively,

"driver's license transactions" or "DLTs"), including, *inter alia*, when:

        (a)      seeking to complete the return of an item without showing a receipt

(during a "non-receipted return"); and

        (b)      seeking to utilize in-store credit (i.e., via stored value cards) conferred

upon the completion of non-receipted returns (upon wishing to complete "in-store credit

transactions").

3.     In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) collected, during DLTs, from customers' respective driver's licenses (which constitute department records, under the DPA) to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.[1]

4.     In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses (issued or revoked by the department relative to motor vehicles) and/or the information, including personal information, contained in them – to The Retail Equation.

5.     Plaintiff and Class members were never informed by Defendant (and thus never knew) that the information from their respective driver's licenses would be disclosed, sold, rented, offered, or exposed for sale by Defendant, including to TRE.  Plaintiff and Class members thus never consented to Defendant's having disclosed, sold, rented, offered, or exposed for sale the information from their respective driver's licenses, including to TRE.

6.     Such policies and practices are illegal in the state of New Hampshire.

---

[1]     The Retail Equation ("TRE") is an entity owned by Appriss, Inc. that provides software used to recommend for retailers to approve or deny transactions (such as non-receipted returns). Per TRE's website, located at https://www.theretailequation.com/, "The Retail Equation, Inc. (TRE) works with retailers to warn consumers when their return, exchange, post-sale adjustment, or re-shipment transactions (collectively known as 'Transactions') violate store policies or mimic excessive behaviors. Sometimes the Transaction is stopped." Specifically, the TRE Frequently Asked Questions ("FAQ") webpage, https://www.theretailequation.com/frequently-asked-questions/, states, "TRE Transaction Authorization examines the purchase and Transaction data from a specific retailer.  It examines the in-store and online transactions and connects them with an ID number—such as a form of payment or government-issued ID.  The system then analyzes that consumer's Transaction history with that retailer to identify activity that appears to be fraudulent or abusive or in violation of the retailer's policies."

2

## **THE PARTIES**

7.      Plaintiff Jodi Bourgeois ("Plaintiff") is a citizen of New Hampshire, residing in Manchester, New Hampshire.  Within the past three years, Plaintiff has made multiple non-receipted returns of clothing and accessories to a TJ Maxx retail store in Manchester, New Hampshire.

8.      Defendant required Plaintiff to release the personal information (including, but not limited to, Plaintiff's photograph or computerized image, social security number, driver identification number, name, address, telephone number, and/or medical or disability information) in her driver's license at various points ("DLTs"), including, *inter alia*, when Plaintiff sought to complete the return of an item without showing a receipt (during Plaintiff's "non-receipted return").

9.      In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly disclosed this information (including, but not limited to, Plaintiff's photographs or computerized images, social security numbers, driver identification number, name, address, telephone number, and/or medical or disability information) collected, during Plaintiff 's DLTs, from Plaintiff 's driver's license (which constitutes a department record, under the DPA) to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.

10.     In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sold, rented, offered, or exposed for sale motor vehicle records collected during DLTs – specifically, Plaintiff 's driver's license (issued or revoked by the department relative to motor vehicles) and/or the information, including personal information, contained in it – to The Retail Equation.

3

11.     Plaintiff was never informed by Defendant (and thus never knew) that the information from her driver's license would be disclosed, sold, rented, offered, or exposed for sale by Defendant, including to TRE.  Plaintiff thus never consented to Defendant's having disclosed, sold, rented, offered, or exposed for sale the information from her driver's license, including to TRE.

12.     Defendant The TJX Companies, Inc. ("Defendant" or "TJ Maxx") is a Delaware corporation with its principal place of business in Framingham, Massachusetts.  Defendant is an American clothing retailer.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to N.H. RSA 491:7.

14.     This Court may exercise personal jurisdiction over the defendant, pursuant to N.H. RSA 510:4, I, because Defendant is a nonresident who transacts business within in this state, has committed tortious acts within this state, and has the ownership, use, or possession of any real and personal property situated in this state, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this State.

15.     Venue is proper in this judicial district pursuant to N.H. RSA 507:9 because Plaintiff resides in this County.

## FACTS COMMON TO ALL CLAIMS

16.     The DPA was enacted by the New Hampshire state legislature in 1996[2] and then subsequently amended in response to two primary interests – "public safety as well as privacy."[3] Regarding the former, New Hampshire legislators became aware, "in the course of drafting

---

[2] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2290&sy=1996&sortoption=&txtsessionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Docket.
[3] https://gencourt.state.nh.us/BillHistory/SofS_Archives/1996/senate/HB1508S.pdf, HB 1508-FN (1996) Senate Actions Archive, p. 28.

4

stalking legislation and domestic violence legislation that one of the ways that victims are located after great effort to hide their location is through the easy availability of motor vehicle records."[4]  The DPA and its legislative history evince the General Court of New Hampshire's desire to respond forcefully to such grave public safety-related dangers.

17.    For example, before opting to amend the DPA,[5] New Hampshire state legislators considered how, "on March 21, 2002, the New York Times did an article on a Boston bar [that] . . . swipes [driver's] licenses" and how "the bar's owner, is quoted as saying, 'You swipe the license and all of a sudden, someone's whole life, as we know it, pops up in front of you. It is almost voyeuristic.'"[6]  The DPA works to stymie such voyeurism.  Along these lines, one member of the General Court aptly remarked, during the process of amending the DPA, "[i]f my wife goes to the local 7-11 and buys a six-pack of beer, I don't think the guy behind the counter should have any ability whatsoever to see where she lives or any other information. It is none of his business.  And, it is a stalking problem, in my opinion."[7]

18.    Turning from these issues of public safety to those of privacy, more generally, John Stephen, the then-Assistant Commissioner for the New Hampshire Department of Safety, is quoted by the state legislature's Committee Minutes as having stated that New Hampshire's driver privacy law was meant "not just to prevent stalking, but … to prevent the use of motor vehicle records for purposes other than motor vehicle related safety and law enforcement."[8]  Mr. Stephen, expounding upon the definition of  "motor vehicle records," also stated: "RSA 260:14 is already pretty clear in its terms and that is one of the positions the Commissioner has in terms

---

[4] *Id.*

[5] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2366&sy=2002&txttitle=motor%20vehicle%20records, HB 1456-FN (2002) Bill Docket.

[6] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/senate/HB1456S.pdf, HB 1456-FN (2002) Senate Actions Archive, p. 12.

[7] *Id.* at p. 13.

[8] *Id.* at p. 16.

5

of enforcing motor vehicle records, that motor vehicle records are records that are kept by the

Department in its database and involves all registrations, histories, certificates, [and] licenses,

including personal information."[9]

19.     Critically, therefore, the DPA reflects the General Court of New Hampshire's

understanding that all such material – including driver's licenses and the confidential information

contained thereby and therein – are "property of the state."[10]  That is, the DPA's legislative

history reveals how "the information on your license, and in that [driver's license] magnetic

strip, belongs to the State of New Hampshire[.]"[11]

20.     Thus, as per then-Representative Neal Kurk, one of the sponsors of the DPA,[12] in

New Hampshire, it is vital:

> [t]hat the information given to the Department of Safety for the
> purpose of getting a license or registration is to be used by the
> Department and by others for those purposes only. It [i]s not to be
> used as a data bank for marketing.  It [i]s not to be used as a data
> bank for any other purpose; it [i]s to be used only to enforce motor
> vehicle laws.[13]

21.     Regarding the first of the proscribed types of conduct described by Mr. Kurk –

utilizing driver's licenses and the information contained thereby and therein to build a "data bank

for marketing" – the New Hampshire state legislature recognized that "the potential is there to

take the information off the back of [a driver's] license and keep a track record . . . of people that

… come in"[14] to a location.  The General Court noted that a business owner might "break down

---

[9] *Id.*
[10] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/house/HB1456H.pdf, HB 1456-FN (2002) House Actions Archive, p. 11.
[11] HB 1456-FN (2002) Senate Actions Archive, p. 12.
[12] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/Bill_status.aspx?lsr=2290&sy=1996&sortoption=&txtsessionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Status.
[13] HB 1456-FN (2002) Senate Actions Archive, p. 28.
[14] *Id.* at p. 16.

his clients out by sex, age, zip code, or other characteristics."[15] With relative ease, one can

conceive of how this type of data-gathering might give rise to invidious forms of discrimination.

22.     Additionally, the legislature worried about how the hypothetical business owner

described *supra* "could find out how many blonde women named Karen over 5' 2" came in over

a weekend, how many of his customers have the middle initial M. and, more practically, he can

build mailing lists based on all that data and keep track of who comes back."[16] Thus, even when

customers have otherwise sought to maintain their privacy (i.e., by paying at a store with cash

rather than a credit or debit card, by withholding their names from store associates, by choosing

not to share with store associates any receipts from their prior purchases, etc.), the hypothetical

business owner with prying eyes might – profitably and permanently – link a person's business

transactions with that person's identity, simply (and perhaps unbeknownst to said person) by

collecting the person's driver's license. The General Court, through the DPA, wished to put an

end to these sorts of circumstances, in which unscrupulous entities might attempt to turn a profit

by usurping the aforementioned property of the state – and to how, by building databases and/or

mailing lists from driver's license information, one can "tell what people have purchased, what

they haven't purchased and you can sell those lists."[17]

23.     Relatedly, the legislative history of the DPA marks the General Court's

apprehension regarding the ways in which such lists or databases might be used, by entities other

than the Department of Safety, and to the detriment of even a privacy-minded person, like people

alluded to above, in order to "establish who that person really is" and "build a database for bio-

metrics."[18] At least one legislator was particularly dismayed and perturbed by the notion that

---

[15] *Id.* at p. 12.
[16] *Id.*
[17] *Id.* at p. 13.
[18] *Id.*

businesses might, eventually, exert pressure on States so that they "put a fingerprint or a thumbprint on your license. That will be encoded into the magnetic strip and once again, they [(the driver's license database-building entities)] will have it."[19]

24.     The DPA also responds to how driver's licenses and their attendant personal information may be incorporated into other types of data banks and non-sanctioned activities, as discussed by Mr. Kurk, *supra*. Specifically, the DPA's legislative history includes contemplation about how, when entities utilize "licenses and they start keeping databases, it is pretty easy to trace where you have been, probably easy to trace who you were with. So, it is, in my opinion, big brother. The point is that we don't need it."[20] Thus, the DPA serves to protect the ability of New Hampshire residents to move unobtrusively and without uninvited surveillance or scrutiny.

25.     Indeed, a New Hampshire-based news outlet relates:

> John Stephen, assistant commissioner of the N.H. Department of
> Safety, said, "The Legislature gave a clear intent when they passed
> the driver privacy act — to protect driver information. The bottom
> line is that the act of establishing a database using that information
> is, in our minds, contrary to the intent of that law. This should not
> be done in New Hampshire. It's clear in our minds, people in this
> state are very committed to protecting the information the
> Department of Motor Vehicles retains on drivers." Stephen said the
> retail operations have not been authorized to use or to collect the
> information on drivers' licenses, and he wants the practice to stop.
> "No agency, outside of law enforcement, has been authorized by
> the Department of Motor Vehicles to collect this information, for
> any purpose," Stephen said.[21]

26.     However, Defendant plainly violates the Driver Privacy Act.

27.     In the DPA – N.H. RSA 260:14, I – it is stated that, "In this section:"

---

[19] *Id.*

[20] *Id.*

[21] https://www.seacoastonline.com/story/news/2001/08/19/scanning-licenses-violates-spirit-law/51299154007/.

    (a) "Motor vehicle records" means all applications, reports required by law, registrations, histories, certificates, and licenses issued or revoked by the department relative to motor vehicles and the information, including personal information, contained in them.

    (b) "Person" means an individual, organization or entity, but shall not include this state or an agency thereof. "Person" shall include the personal representative of any person injured or killed in the motor vehicle accident, including the person's conservator, executor, administrator, or next of kin as defined in RSA 259:66-a.

    (c) "Personal information" means information in motor vehicle records that identifies a person, including a person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information.

    (d) " Legitimate business " means a business which is registered in New Hampshire and which receives compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

N.H. RSA 260:14, I(a)-(d).

    28.    Under these definitions:

    (a)    Defendant's customers' driver's licenses, including the personal information contained in them, constitute "motor vehicle records." N.H. RSA 260:14, I(a).

    (b)    Defendant, as an "organization or entity," constitutes a "person." N.H. RSA 260:14, I(b).

    (c)    The information in Defendant's customers' driver's licenses (which are "motor vehicle records," as stated *supra*), including each customer's person's photograph or computerized image, social security number, driver identification number,

9

name, address (but not the 5-digit zip code), telephone number, and medical or disability

information, constitutes "personal information." N.H. RSA 260:14, I(c).

(d)     Defendant is not a "legitimate business" because Defendant does

not receive compensation in connection with matters of motor vehicle or driver safety or

theft, motor vehicle emissions, and motor vehicle market research activities, including

survey research. N.H. RSA 260:14, I(d).

29.     N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly
> discloses information from a department record to a person known
> by such person to be an unauthorized person; knowingly makes a
> false representation to obtain information from a department
> record; or knowingly uses such information for any use other than
> the use authorized by the department. In addition, any professional
> or business license issued by this state and held by such person
> may, upon conviction and at the discretion of the court, be revoked
> permanently or suspended. Each such unauthorized disclosure,
> unauthorized use or false representation shall be considered a
> separate offense.

N.H. RSA 260:14, IX(a).

30.     In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the

information (including, but not limited to, customers' photographs or computerized images,

social security numbers, driver identification numbers, names, addresses, telephone numbers,

and/or medical or disability information) from customers' respective driver's licenses (acquired

during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute

department records, under the DPA, to a person or persons known by Defendant to be an

unauthorized person – including The Retail Equation.

31.     Defendant engages in this conduct so that TRE, on Defendant's behalf, may

connect customers' in-store and/or online transactions with customers' government-issued IDs

and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

32.     N.H. RSA 260:14, IX(b) provides:

> A person is guilty of a class B felony if, in the course of business, such person knowingly sells, rents, offers, or exposes for sale motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

33.     In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses issued or revoked by the department relative to motor vehicles and/or the information, including personal information, contained in them – to The Retail Equation.

34.     Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

35.     Plaintiff brings this action to prevent Defendant from further encroaching upon the privacy rights of New Hampshire residents, and to recover liquidated damages for Defendant's violations of the DPA.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff seeks to represent a class (the "Class") defined as:

> All persons in the State of New Hampshire whose driver's license information (including, but not limited to, customers' photographs

11

or computerized images, social security numbers, driver
identification numbers, names, addresses, telephone numbers,
and/or medical or disability information) was collected by
Defendant and disclosed, sold, rented, offered, or exposed for sale
by Defendant, including to The Retail Equation.

37.     Excluded from the Class are Defendant, its subsidiaries, affiliates, officers,

directors, assigns and successors, and any entity in which it has a controlling interest, and the

Judge to whom this case is assigned and any member of his or her immediate family.

38.     Members of the Class are so numerous that their individual joinder herein is

impracticable.  On information and belief, members of the Class number in the hundreds of

thousands.  The precise number of Class members and their identities are unknown to Plaintiff at

this time but will be determined through discovery.  Class members may be notified of the

pendency of this action by mail and/or publication through the distribution records of Defendant

and third-party retailers and vendors.

39.     Common questions of law and fact exist as to all Class members and predominate

over questions affecting only individual Class members.  Common legal and factual questions

include, but are not limited to:

(a)     whether Defendant "knowingly discloses information from a department

record to a person known by such person to be an unauthorized person; knowingly makes a false

representation to obtain information from a department record; or knowingly uses such

information for any use other than the use authorized by the department";

(b)     whether in the course of business, Defendant "knowingly sells, rents,

offers, or exposes for sale motor vehicle records to another person";

(c)     whether Defendant's conduct violates N.H. RSA 260:14, IX(a), N.H. RSA

260:14, IX(b), and/or any other applicable laws; and

(d) whether, as a result of Defendant's misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive, and/or monetary relief and, if so, the amount and nature of such relief.

40. Plaintiff's claims are typical of the claims of Class members because Plaintiff, like all class members, had her driver's license information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) collected by Defendant and disclosed, sold, rented, offered, or exposed for sale by Defendant, including to The Retail Equation.

41. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained counsel competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

42. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of

Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of N.H. RSA 260:14, IX(a)

43.   Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

44.   Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

45.   Defendant's customers' driver's licenses, including the personal information contained therein, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

46.   Defendant, as an "organization or entity," constitutes a "person" under N.H. RSA 260:14, I(b).

47.   The information in Defendant's customers' driver's licenses (which are "motor vehicle records," as stated *supra*), including each customer's person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information" under N.H. RSA 260:14, I(c).

48.   Defendant is not a "legitimate business" under N.H. RSA 260:14, I(d) because Defendant does not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

49.   Defendant requires its customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers,

14

driver identification numbers, names, addresses, telephone numbers, and/or medical or disability

information) in the customers' respective driver's licenses at various points (collectively,

"driver's license transactions" or "DLTs"), including, *inter alia*, when:

       (a)    seeking to complete the return of an item without showing a receipt

(during a "non-receipted return").

       (b)    seeking to utilize in-store credit (i.e., via stored value cards) conferred

upon the completion of non-receipted returns (upon wishing to complete "in-store credit

transactions").

    50.    N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly
> discloses information from a department record to a person known
> by such person to be an unauthorized person; knowingly makes a
> false representation to obtain information from a department
> record; or knowingly uses such information for any use other than
> the use authorized by the department. In addition, any professional
> or business license issued by this state and held by such person
> may, upon conviction and at the discretion of the court, be revoked
> permanently or suspended. Each such unauthorized disclosure,
> unauthorized use or false representation shall be considered a
> separate offense.

N.H. RSA 260:14, IX(a).

    51.    In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the

information (including, but not limited to, customers' photographs or computerized images,

social security numbers, driver identification numbers, names, addresses, telephone numbers,

and/or medical or disability information) from customers' respective driver's licenses (acquired

during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute

department records, under the DPA, to a person or persons known by Defendant to be an

unauthorized person – including The Retail Equation.

15

52.     Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

53.     Plaintiff and Class members were never informed by Defendant (and thus never knew) that the information from their respective driver's licenses would be disclosed by Defendant, including to TRE. Plaintiff and Class members thus never consented to Defendant's having disclosed the information from their respective driver's licenses, including to TRE.

54.     Each time that Defendant knowingly disclosed the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) from customers' respective driver's licenses (acquired during non-receipted returns, in-store credit transactions, and/or other transactions) – which constitute department records, under the DPA – to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation – Defendant committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(a), thereby damaging Plaintiff and Class members.

55.     Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct, pursuant to N.H. RSA 260:14, IX(a), because:

(a)     Had Plaintiff and Class members been conferred the opportunity to provide or withhold their consent to Defendant's having disclosed the information from their respective driver's licenses, including to TRE, they would have withheld their consent.

16

(b)     By disclosing customers' information to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation – Defendant has encroached upon Plaintiff's and the Class members' respective privacy rights to control the collection, use, and disclosure of their personal information.

56.     N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this section may bring a civil action under this section and, if successful, shall be awarded the greater of actual damages or liquidated damages of $2,500 for each violation; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other equitable relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

57.     Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statue, including liquidated damages of $2,500 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

## COUNT II
### Violation of N.H. RSA 260:14, IX(b)

58.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

59.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

60.     Defendant's customers' driver's licenses, including the personal information contained in them, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

61.     Defendant, as an "organization or entity," constitutes a "person" under N.H. RSA 260:14, I(b).

62. The information in Defendant's customers' driver's licenses (which are "motor vehicle records," as stated supra), including each customer's person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information" under N.H. RSA 260:14, I(c).

63. Defendant is not a "legitimate business" under N.H. RSA 260:14, I(d) because Defendant does not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

64. Defendant requires its customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) in the customers' respective driver's licenses at various points (collectively, "driver's license transactions" or "DLTs"), including, *inter alia*, when:

(a) seeking to complete the return of an item without showing a receipt (during a "non-receipted return"); and

(b) seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

65. N.H. RSA 260:14, IX(b) provides:

A person is guilty of a class B felony if, in the course of business, such person knowingly sells, rents, offers, or exposes for sale motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

18

66.     In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses issued or revoked by the department relative to motor vehicles and/or the information, including personal information, contained in them – to The Retail Equation.

67.     Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

68.     Plaintiff and Class members were never informed by Defendant (and thus never knew) that their motor vehicle records (their driver's licenses and the personal information contained in them) would be sold, rented, offered, or exposed for sale by Defendant, including to TRE. Plaintiff and Class members thus never consented to Defendant's having sold, rented, offered, or exposed for sale their motor vehicle records (their driver's licenses and the personal information contained in them), including to TRE.

69.     Each time that Defendant knowingly sold, rented, offered, or exposed for sale customers' motor vehicle records (their driver's licenses and the personal information contained in them) to another person – including The Retail Equation – Defendant committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(b), thereby damaging Plaintiff and Class members.

70.     Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct, pursuant to N.H. RSA 260:14, IX(b), because:

      (a)    Had Plaintiff and Class members been conferred the opportunity to provide or withhold their consent to Defendant's having sold, rented, offered, or exposed for sale their motor vehicle records (their driver's licenses and the personal information contained in them), including to TRE, they would have withheld their consent.

      (b)    By having sold, rented, offered, or exposed for sale customers' motor vehicle records (their driver's licenses and the personal information contained in them) to another person – including The Retail Equation – Defendant has thus encroached upon Plaintiff's and the Class members' respective privacy rights to control the collection, use, and disclosure of their personal information.

71.    N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this section may bring a civil action under this section and, if successful, shall be awarded the greater of actual damages or liquidated damages of $2,500 for each violation; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other equitable relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

72.    Accordingly, with respect to Count II, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statute, including liquidated damages of $2,500 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.    For an order certifying the Class under N.H. Super. Ct. R. CIV 16 and naming Plaintiff as representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Class members;

b.   For an order declaring that Defendant's conduct, as set out above, violates the
     DPA, N.H. RSA 260:14;

c.   For an order finding in favor of Plaintiff and the Class on all counts asserted
     herein;

d.   For liquidated damages of $2,500.00 for each of Defendant's violations of the
     DPA, pursuant to N.H. RSA 260:14, X;

e.   For injunctive and other equitable relief as is necessary to protect the interests of
     the Class, including, *inter alia*, an order requiring Defendant to comply with N.H.
     RSA 260:14, IX(a), and N.H. RSA 260:14, IX(b);

f.   For an order awarding Plaintiff and the Class their reasonable attorneys' fees and
     expenses and costs of suit;

g.   For pre- and post-judgment interest on all amounts awarded, to the extent
     allowable; and

h.   For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Respectfully submitted,
JODI BOURGEOIS,
By her attorneys,

**DOUGLAS, LEONARD & GARVEY, P.C.**

Date: May 26, 2023          By:   /s/ Benjamin T. King
                                  Benjamin T. King, NH Bar #12888
                                  14 South Street, Suite 5
                                  Concord, NH 03301
                                  (603) 224-1988
                                  benjamin@nhlawoffice.com

                                  and

**BURSOR & FISHER, P.A.**

Date: May 26, 2023          By:   /s/ Philip L. Fraietta
                                  Philip L. Fraietta, NY Bar #5297825
                                  (*to be admitted pro hac vice*)
                                  Matthew A. Girardi, NY Bar #5857057
                                  (*to be admitted pro hac vice*)
                                  1330 Avenue of the Americas, 32nd Floor
                                  New York, NY 10019
                                  (646) 837-7150
                                  pfraietta@bursor.com; mgirardi@bursor.com

21

**Merrimack County Sheriff's Office**
DAVID A. CROFT
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

THE TJX COMPANIES, INC.
2 1/2 BEACON ST    141
CONCORD, NH 03301

AFFIDAVIT OF SERVICE

MERRIMACK, SS                                6/15/23

    I, DEPUTY BRIAN J DEFRANZO, on this day at _11:05_ a.m./p.m.,
summoned the within named defendant THE TJX COMPANIES, INC. by leaving at
the office of Registered Agent CT Corporation, 2 1/2 Beacon Street, Ste
141, Concord, said County and State of New Hampshire, its true and lawful
agent for the service of process under and by virtue of Chapter 293-A, NH
RSA as amended, a true and attested copy of this Summons and Complaint.

FEES

    Service   $30.66
    Postage    1.00
    Travel    18.34
               ―――――――――
TOTAL        $50.00

DEPUTY BRIAN J DEFRANZO
Merrimack County Sheriff's Office

# Exhibit B

# PretiFlaherty

Portland, ME

Augusta, ME

Concord, NH

Boston, MA

Washington, DC

Nathan R. Fennessy
nfennessy@preti.com
(603) 410-1528

July 14, 2023

**VIA E-MAIL AND U.S. MAIL**
*benjamin@nhlawoffice.com;*
*pfraietta@bursor.com; and*
*mgirardi@bursor.com*

Benjamin T. King, Esq.                 Phillip L. Fraietta, Esq.
Douglas, Leonard, & Garvey, P.C.       Matthew A. Girardi, Esq.
14 South Street, Suite 5               Bursor & Fisher, P.A.
Concord, NH 03301                      1330 Avenue of the Americas, 32nd Floor
                                       New York, NY 10019

RE:  **Jodi Bourgeois v. The TJX Companies, Inc.**
     **Rockingham County Superior Court Case No. 218-2023-CV-00685**

Dear Attorneys King, Fraietta and Girardi:

I am writing to notify you of my client's removal of the above-referenced matter from the Rockingham County Superior Court to the United States District Court on July 14, 2023.

Enclosed please find true and accurate copies of the documents filed with the United States District Court under docket number 23-CV-354. Please feel free to contact me directly at 603-410-1528 or nfennessy@preti.com.

Very truly yours,

*Nathan R. Fennessy*

Nathan R. Fennessy

NRF/srb
Enclosure(s)

Preti Flaherty
Beliveau & Pachios LLP
Attorneys at Law          60 State Street, Suite 1100, Boston, MA  02109    |    Tel 617.226.3800    |    **www.preti.com**

# Exhibit C

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                          SUPERIOR COURT

Docket No. 218-2023-CV-00685

JODI BOURGEOIS,
individually and on behalf of all others similarly situated,
56 Ode Way
Manchester, NH 03103

v.

THE TJX COMPANIES, INC.
770 Cochituate Road
Framingham, MA 01701

## DEFENDANT THE TJX COMPANIES, INC.'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, on July 14, 2023, Defendant The TJX Companies, Inc. ("TJX") has filed a *Notice of Removal*, a true and correct copy of which is attached hereto as **Exhibit 1**, for the purpose of removing this case to the United States District Court for the District of New Hampshire.

**PLEASE TAKE FURTHER NOTICE** that TJX, upon filing the attached *Notice of Removal* with the federal district court and filing and serving this *Notice*, will have effected this removal in accordance with to 28 U.S.C. §§ 1332, 1441, and 1446.

TJX, therefore, respectfully requests that the Court proceed no further in this action unless and until such time as this action is remanded by order of the United States District Court for the District of New Hampshire.

Respectfully Submitted,
THE TJX COMPANIES, INC.

By Their Attorneys,
PRETI FLAHERTY BELIVEAU & PACHIOS, PLLP

Dated: July 14, 2023

/s/ Nathan R. Fennessy
Nathan R. Fennessy, NH Bar No. 264672
P.O. Box 1318
Concord, NH 03302-1318B
Telephone: 603.310.1528
*nfennessy@preti.com*

and

/s/ P. Craig Cardon
P. Craig Cardon, Cal. Bar No. 168646
(*pro hac vice* app. to be filed)
Benjamin O. Aigboboh, Cal. Bar No. 268531
(*pro hac vice* app. to be filed)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: 310.228-3700
*ccardon@sheppardmullin.com*
*baigboboh@sheppardmullin.com*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2023, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system, and have served it via email and U.S. Mail on:

*Attorneys for Plaintiff*

Benjamin T. King
Douglas, Leonard, & Garvey, P.C.
14 South Street, Suite 5
Concord, NH 03301
*benjamin@nhlawoffice.com*

Phillip L. Fraietta
Matthew A. Girardi
Bursor & Fisher, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
*pfraietta@bursor.com*
*mgirardi@bursor.com*

/s/ Nathan R. Fennessy
Nathan R. Fennessy, NH Bar No. 264672

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jodi Bourgeois

## DEFENDANTS

The TJX Companies, Inc.

**(b)** County of Residence of First Listed Plaintiff    Hillsborough
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Middlesex County, MA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
            THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Benjamin T. King, Esq., Douglas, Leonard & Garvey,
P.C., 14 South Street, Suite 5, Concord, NH 03301
Tel.: 603-224-1988; benjamin@nhlawoffice.com

Attorneys *(If Known)*
Nathan R. Fennessy, Esq., Preti, Flaherty, Beliveau &
Pachios, PLLP, P.O. Box 1318, Concord, N.H. 03302-1318;
Tel.: 603-410-1528; nfennessy@preti.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☒ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability — Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander — ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' — Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability — Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine — ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability — Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle — **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle — ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | Product Liability — ☐ 371 Truth in Lending | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal — ☐ 380 Other Personal | Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | Injury — Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury - — ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | Medical Malpractice — Product Liability | Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights — **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting — ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment — ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ — Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | Accommodations — ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - — ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment — **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - — ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other — ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education — ☐ 555 Prison Condition | | | |
| | — ☐ 560 Civil Detainee - | | | |
| | Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Class Action Fairness Act - 28 U.S.C. § 1332(d)(2)(A))
Brief description of cause:
Proposed class action seeking damages for alleged violations of the Driver Privacy Act (RSA 260:14)

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $    over $5,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

| | |
|---|---|
| DATE  07/14/2023 | SIGNATURE OF ATTORNEY OF RECORD  /s/ Nathan R. Fennessy |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.